18 F.3d 107
 Jacques Pierre GIBEAU, a/k/a Marvin Joseph Pitsley,
Plaintiff-Appellant,
v.
Charles NELLIS, Sheriff; Reuel Todd, Undersheriff; Samuel
New, Assistant Supervisor; James Lytle, Correctional
Officer; Leroy Healy, Correctional Officer; Peg Hunter,
Jail Nurse, and Dr. Richard Thompson, Jail Doctor,
Defendants-Appellees.
 No. 655, Docket 92-2426.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 15, 1993.
Decided Feb. 28, 1994.
 
 John L. Sander, New York, New York (Joel A. Goldberg, Paul, Hastings, Janofsky, & Walker, New York, New York, of counsel), for plaintiff-appellant.
 James P. Godemann, Utica, New York (Merle M. Troeger, Petrone & Petrone, Utica, New York, of counsel), for defendants-appellees Charles Nellis, Reuel Todd, Samuel New, James Lytle, Leroy Healy, and Peg Hunter.
 Before: MESKILL, WINTER, and PRATT, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 Jacques Pierre Gibeau, a/k/a Marvin Pitsley, appeals from a judgment entered by Chief Judge McAvoy after the Chief Judge denied a motion for judgment notwithstanding the verdict in this civil rights action under 42 U.S.C. Sec. 1983 (1988). Gibeau moved for judgment n.o.v. after a jury found that Corrections Officer James Lytle had used excessive force against Gibeau in violation of the Eighth Amendment but declined to award any damages. We affirm the district court's denial of the motion insofar as it declined to award compensatory damages. We reverse the denial of the motion insofar as it declined to award nominal damages and remand for an entry of nominal damages. We also affirm the judgment insofar as it dismisses all other claims against Lytle and insofar as it dismisses all claims against the remaining defendants-appellees.[1]
 
 BACKGROUND
 
 2
 Gibeau brought this civil rights action after an altercation between Oswego County Jail corrections officers and himself. At the time of the altercation, Gibeau was incarcerated for criminal contempt pending trial for murdering his father.[2]
 
 
 3
 According to evidence, on December 2, 1988, Gibeau complained about the coffee at breakfast and demanded another cup. After Corrections Officer Leroy Healy explained to Gibeau that he would not receive more coffee, Gibeau dumped the coffee on the floor.
 
 
 4
 Corrections Officer Spanfelner then directed Gibeau to return to his cell for a twenty-four hour lock-in pending further disciplinary action. Gibeau refused to comply, and Spanfelner attempted to persuade him to return calmly to his cell. When this persuasion failed, Gibeau was forced across a forty-foot walkway into his cell by Spanfelner and other corrections officers, including Healy. When Gibeau was placed in his cell, he began pushing and shoving Officer Spanfelner and hit him on top of the head. Spanfelner responded by punching or slapping Gibeau in the face, over an eye. The officers then pushed Gibeau onto his bunk.
 
 
 5
 Corrections Officer James Lytle then entered the cell while Officer Healy placed his hands and arms around Gibeau's shoulders, head and face to restrain Gibeau as Officer Spanfelner applied handcuffs. While Gibeau was handcuffed and restrained, Officer Lytle struck him approximately three times in the head with a six-inch long, one-half-inch diameter flashlight, often called a pen-light.
 
 
 6
 After the violence ceased, Gibeau was found to have suffered a broken finger, injuries to his wrist, and a "superficial contusion" on the left temple. Gibeau also reported blurred or double vision, but no internal head injuries were found.
 
 
 7
 Gibeau brought the instant action against Officer Lytle, Officer Healy, jail nurse Peg Hunter, jail doctor Richard Thompson, Sheriff Charles Nellis, Undersheriff Reuel Todd, and Assistant Supervisor Samuel New. The case proceeded to trial in April 1992 before Chief Judge McAvoy. At the conclusion of Gibeau's case, Chief Judge McAvoy dismissed all causes of action except claims against Lytle and Healy for use of excessive force and against Hunter for claims of inadequate medical treatment.
 
 
 8
 The jury found that Healy had not used excessive force and that Hunter had not provided inadequate medical treatment. The jury also found that Lytle had used excessive force but that it had not caused any injury to Gibeau. The special verdict form made no mention of nominal damages, and the jury therefore never reached the issue of the size of the damages award. Gibeau and Lytle both moved for judgment notwithstanding the verdict, and both motions were denied. Gibeau now appeals the judgment, arguing that the denial of his motion was erroneous.
 
 DISCUSSION
 A. Waiver of the judgment n.o.v. motion
 
 9
 Appellees argue that Gibeau has waived his right to make a judgment n.o.v. motion, because he did not move for a directed verdict at the close of evidence at trial. See Fed.R.Civ.P. 50(b); Heller v. Champion Int'l Corp., 891 F.2d 432, 436 (2d Cir.1989) ("motion for judgment n.o.v. is technically only a renewal of [a] motion for directed verdict"). Where a party has failed to move for a directed verdict, a court generally may only consider a judgment n.o.v. motion to prevent "manifest injustice." Baskin v. Hawley, 807 F.2d 1120, 1129-30 (2d Cir.1986) (citation omitted).
 
 
 10
 However, because appellees failed to raise this procedural defense in the district court, they are the ones who have waived the issue. Where a party has failed to raise an argument in the district court, an appellate court may only consider the argument where necessary to serve an "interest of justice." Ebker v. Tan Jay Int'l, Ltd., 739 F.2d 812, 822 (2d Cir.1984). Appellees have not demonstrated that any interest of justice would be served by considering the waiver argument on appeal, and we therefore deem it waived. See Collins v. State of Illinois, 830 F.2d 692, 698 (7th Cir.1987).
 
 B. Merits of the judgment n.o.v. motion
 1. Compensatory damages
 
 11
 Gibeau argues that the district court erred in failing to grant him compensatory damages notwithstanding the jury verdict. To be entitled to judgment n.o.v., the moving party must demonstrate that "without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." Heller, 891 F.2d at 434 (internal quotations and citation omitted, alteration in original). In addition, the evidence must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in that party's favor. Smith v. Lightning Bolt Productions, Inc., 861 F.2d 363, 367 (2d Cir.1988). Under this standard, the district court properly denied Gibeau's motion for judgment n.o.v. insofar as it sought compensatory damages.
 
 
 12
 To recover compensatory damages under Section 1983, a plaintiff must prove that his injuries were proximately caused by the constitutional violation. Miner v. City of Glens Falls, 999 F.2d 655, 660 (2d Cir.1993). Gibeau argues that because the jury found that Lytle used excessive force, and because that force could only have been the striking of Gibeau with the flashlight, it could not reasonably have concluded that the excessive force did not proximately cause injury and damage to Gibeau.
 
 
 13
 Drawing all inferences in appellees' favor, we conclude that a reasonable jury could have found that Gibeau failed to establish that his physical injuries were caused by Lytle. Prior to Lytle's use of force, Gibeau was involved in an altercation with Officer Spanfelner, which Gibeau himself described as "like a street brawl." During this scuffle, Officer Spanfelner struck Gibeau in the head, over his eye. Although Gibeau claims that this was merely a slap and could not have been the cause of his injury, there is contradictory evidence as to the strength of the blow. In addition, Gibeau was struck by Lytle approximately three times. It is possible that the jury considered only the last blow to be excessive, and it may have concluded that the head contusion was caused by the first blow. More likely, the jury may well have concluded that, given the size of the flashlight, the striking by Lytle was unnecessary but did not cause any physical injury to Gibeau.
 
 
 14
 Citing Hudson v. McMillian, --- U.S. ----, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), Gibeau also argues that even if his head contusion was not caused by Lytle, he must still recover for pain, suffering, humiliation, or fear suffered when Lytle struck him with the flashlight. His reliance on Hudson is misplaced. Hudson merely holds that the Eighth Amendment may be violated where excessive force causes any injury that is more than de minimis; it does not hold that there is necessarily a compensable injury under Section 1983 whenever excessive force has been used. Gibeau thus must demonstrate a causal connection between the non-visible injuries of which he complains and the excessive force.
 
 
 15
 The record reveals that Gibeau never conclusively established that Lytle's use of excessive force caused him pain, suffering, humiliation, or fear. One officer who witnessed Lytle's actions testified that he could not recall whether Gibeau complained or cried out in pain when being struck with the flashlight, and another testified that Gibeau did not scream out after the incident. Moreover, although Gibeau testified that he suffered pain from his injuries, any head pain from which he suffered may have been caused by Spanfelner, rather than Lytle. Based upon the inconclusive nature of the testimony, a reasonable jury could have concluded that Gibeau did not suffer even a minor compensable injury proximately caused by Lytle's use of excessive force.
 
 2. Nominal damages
 
 16
 Gibeau also argues that the district court erred in failing to award him nominal damages notwithstanding the jury verdict. We agree. In an action brought pursuant to Section 1983, "even when a litigant fails to prove actual compensable injury, he is entitled to an award of nominal damages upon proof of violation of a substantive constitutional right." Smith v. Coughlin, 748 F.2d 783, 789 (2d Cir.1984) (citing Carey v. Piphus, 435 U.S. 247, 267, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978)).
 
 
 17
 Because of the structure of the special verdict form, the jury was precluded from considering an award of nominal damages once it found that Lytle's use of excessive force did not proximately cause any injury and damage. In addition, although the district court instructed the jury that it may award nominal damages in the event it found a constitutional violation but no injury, it did not instruct the jury that it was required to do so. Because Gibeau did not object to either the verdict sheet or the instructions, he may challenge their propriety only if they were the product of plain error.
 
 
 18
 Because an award of nominal damages is not discretionary where a substantive constitutional right has been violated, the district court should have instructed the jury that it must award nominal damages if it were to find that Gibeau's Eighth Amendment rights were violated, and it should have provided a corresponding verdict form. Because this error may be corrected solely by amending the judgment and without a new trial, we believe that it should be redressed.
 
 
 19
 Therefore, we reverse the denial of the motion for judgment n.o.v. to the extent that it precluded the award of nominal damages, and we remand to the district court for an award of nominal damages in the amount of one dollar against appellee Lytle. Because appellant does not challenge the validity of any other aspect of the judgment, we affirm the judgment insofar as it dismisses all other claims against Lytle and insofar as it dismisses all claims against the remaining defendants-appellees.
 
 
 20
 In directing the district court to award nominal damages contrary to the jury verdict, we are mindful that a federal court's increase of a jury award would constitute impermissible additur where it would violate the Seventh Amendment right to a jury trial. Dimick v. Schiedt, 293 U.S. 474, 482, 55 S.Ct. 296, 299, 79 L.Ed. 603 (1935); Gentile v. County of Suffolk, 926 F.2d 142, 155 (2d Cir.1991). However, a remand for an entry of nominal damages in the instant case would not violate the Seventh Amendment.
 
 
 21
 In Gentile, a jury concluded that individual defendants and their employing county had violated plaintiffs' constitutional rights, but it awarded damages only against the county. In rejecting a cross-appeal seeking nominal damages against the individual defendants, we concluded that Carey, 435 U.S. at 267, 98 S.Ct. at 1054, does not compel an award of nominal damages where plaintiffs had proved actual injury and recovered damages from the individual defendants' employing county. We also noted that plaintiffs' argument "neglect[ed] the constitutional prohibition of additur under the Seventh Amendment." Gentile, 926 F.2d at 155 (citing Dimick ). See also Walker v. Anderson Elec. Connectors, 944 F.2d 841, 845 (11th Cir.1991) (where jury failed to award nominal damages after finding violation of Title VII, request for nominal damages on appeal may violate policy against additur), cert. denied, --- U.S. ----, 113 S.Ct. 1043, 122 L.Ed.2d 352 (1993).
 
 
 22
 The instant matter is distinguishable from Gentile, however. Unlike Gentile, an award of nominal damages here was compelled by law upon proof of a substantive constitutional violation, because Gibeau did not prove any actual injury. Carey v. Piphus, 435 U.S. at 267, 98 S.Ct. at 1054. Compare Gentile, 926 F.2d at 155. Because nominal damages are mandatory under these circumstances, our decision does not impermissibly invade the province of the jury. Hicks v. Brown Group, Inc., 902 F.2d 630, 652 (8th Cir.1990), vacated and remanded on other grounds, 499 U.S. 914, 111 S.Ct. 1299, 113 L.Ed.2d 234 (1991).
 
 
 23
 Affirmed in part, reversed and remanded in part.
 
 
 
 [1]
 According to counsel of record for defendant-appellee Dr. Richard Thompson, Thompson received no notice that this appeal had been accepted by this Court, and consequently he has not been represented in this appeal. Given our disposition of the appeal, the lack of notice and representation is of no import
 
 
 [2]
 Gibeau was subsequently convicted of murder, and he is presently serving a sentence of fifty years to life imprisonment