**RACHMAN BAG COMPANY, a Partnership composed of Plains Bag and Bagging Co., Inc. and Rachman Bag Co., Inc., Plaintiff,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant.**

**No. CV–90–2412.**

United States District Court, E.D. New York.

Nov. 15, 1995.

---

Thomas J. Fleming of Olshan, Grundman, Frome & Rosenzweig LLP, New York City, and Alan Shweky of Factor and Shweky, New York City, for plaintiff.

Kimberly S. Penner of Sedgwick, Detert, Moran & Arnold, New York City, and Roger Emanuelson of LeComte, Emanuelson, Tick & Doyle, Boston, Massachusetts, for defendant.

## ORDER

WOLLE, District Judge.

On October 3, 1995, the court held a hearing by telephone conference call to address the motion for attorney fees filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual") and the motion for judgment notwithstanding the verdict filed by plaintiff Rachman Bag Company ("Rachman Bag"). The court had received briefs and affidavits before the hearing.

Both post-trial motions are denied.

I. *Background.* Rachman Bag, an obligee on a surety bond, brought this action against Liberty Mutual, surety on the bond, for payment of a loss Rachman Bag alleged was covered by the bond. In earlier proceedings the United States Court of Appeals for the Second Circuit had reversed a grant of summary judgment for Liberty Mutual, concluding that fact issues were presented on the fraudulent concealment issues. *See Rachman Bag Co. v. Liberty Mutual Insurance Co.,* 46 F.3d 230, 238 (2d Cir.1995). A jury trial was held solely on Liberty Mutual's

affirmative defense of fraudulent concealment by Rachman Bag. The jury found that Liberty Mutual had proved fraudulent concealment.

■ II. *Motion for Attorney Fees.* Liberty Mutual asserts the court should exercise its equitable powers to require Rachman Bag to pay Liberty Mutual its attorney fees. *Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973). Under New York common law, attorney fees may be recovered in tort actions where the "gravamen of the action is malice." *Tender Trap, Inc. v. Town of Huntington,* 100 Misc.2d 108, 418 N.Y.S.2d 537, 542 (1979), *quoting* New York Jurisprudence, Vol. 13, pg. 652, Sec. 147.

■ The elements of the affirmative defense of fraudulent concealment of a material fact include:

1) the obligee must know facts that materially increase the surety's risk, and have reason to believe that surety would be unwilling to assume such a higher risk; 2) the obligee must have reason to believe that such facts are unknown to the surety; 3) the obligee must have the opportunity to communicate the relevant information to surety; and 4) the obligee must have the duty to disclose the information based upon its relationship to the surety, its responsibility for the surety's misimpression or other circumstances.

*Rachman Bag Co.,* 46 F.3d at 237. Malice is not an element of the affirmative defense of fraudulent concealment of a material fact. Moreover, Liberty Mutual has not proved malice on the record now before the court. Indeed, Rachman Bag had reasonable grounds for commencing this civil action; a genuine factual dispute existed as to Rachman Bag's duty to disclose information to Liberty Mutual. *See Id.* at 236.

The court denies defendant Liberty Mutual's motion for attorney fees.

■ III. *Motion for Judgment N.O.V.* In its answer to special interrogatories on the verdict form, the jury answered "no" to the questions "Did Liberty Mutual prove by clear and convincing evidence that Rachman

Bag colluded with Textiles of America in misleading Liberty Mutual?" and "Did Liberty Mutual prove by clear and convincing evidence that Rachman Bag dealt directly with Liberty Mutual in obtaining the bond?" and answered "yes" to the questions "Did Liberty Mutual prove by clear and convincing evidence that Rachman Bag acted affirmatively to create a misimpression on the part of Liberty Mutual?" and "Did Liberty Mutual prove by clear and convincing evidence that Rachman Bag had unique access to material information?." Rachman Bag contends no evidence was presented from which a jury reasonably could conclude that Rachman Bag (1) acted affirmatively to create a misimpression on the part of Liberty Mutual or (2) had unique access to material information. Rachman Bag must demonstrate that

> "without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." *Heller*, 891 F.2d at 434 (internal quotations and citation omitted, alteration in original). In addition, the evidence must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in that party's favor. *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 367 (2d Cir.1988).

*Gibeau v. Nellis*, 18 F.3d 107, 109 (2d Cir. 1994).

█ A. *Affirmatively Created Misimpression.* New York courts have identified a number of circumstances in which an obligee has a duty to disclose information to the surety. *Rachman Bag Co.*, 46 F.3d at 237. One such circumstance exists when a surety holds a misimpression that was affirmatively created by the obligee. *Id.* Silence may constitute an affirmative act if the obligee fails to correct a misimpression which the obligee knew the surety had and for which the obligee was largely responsible. *Id.*

█ Liberty Mutual presented evidence at trial from which a reasonable jury could conclude that representatives of Rachman Bag affirmatively created a misimpression by silence. Glendora Harris, a Liberty Mutual employee, testified that Neal Factor, an attorney who was representing Rachman Bag when it was attempting to obtain the bond, told her the bond covered a loan made by Rachman Bag to Textiles of America. Factor testified that he told Adrian Marshall, an account representative for Liberty Mutual, that the debt was from business. Factor testified he did not tell Harris or Marshall that the debt was actually an agreement to repay money Ronald Halpern, president of Textiles of America, misappropriated from Rachman Bag. Further, the written contract attached to the bond did not refer to that important background information. Marshall testified that he would not have amended the bond document or attached the contract between Rachman Bag and Textiles of America to the bond if he had known that the indebtedness underlying the contract resulted from fraud. Consequently, the jury reasonably could conclude Liberty Mutual would not have issued the bond had Rachman Bag not fraudulently concealed material facts from it.

█ B. *Unique Access to Material Information.* An obligee has a duty to disclose material information to a surety if the obligee has unique access to the information. *Id.* The duty to disclose does not arise merely because the information is difficult for the surety to obtain. *Id.* The obligee must be in a position in which only the obligee controls the information. *Id.*

█ Marshall testified at trial that Liberty Mutual would not have issued the bond had Liberty Mutual known that the bond secured a debt created by Textiles of America's misappropriation of funds from Rachman Bag. Evidence supports the jury's finding that the information concerning the misappropriation was material to Liberty Mutual's decision to issue the bond.

Jerry Rachman, president of Rachman Bag, testified that Ronald Halpern did not admit that he had misappropriated funds from Rachman Bag. No testimony, except that of Rachman Bag employees and representatives, established that the misappropriation occurred. The jury reasonably found that Rachman Bag was in sole control of the

information that Textiles of America had misappropriated funds from Rachman Bag.

The court denies Rachman Bag's motion for judgment notwithstanding the verdict.

IT IS SO ORDERED.