101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Eugene CELLI and Wendy Liu, Plaintiffs-Appellants,
v.
METRO-NORTH COMMUTER RAILROAD and Metropolitan
Transportation Authority, Defendants-Appellees.
 No. 95-7748.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appearing for Appellants: R. Christopher Owen, Owen & Eddy, White Plains, New York.
 Appearing for Appellees: Edward A. Magro, Wilson, Elser, Moskowitz, Edelman & Dicker, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Appeal from the United States District Court for the Southern District of New York (Koeltl, Judge).
 Present: GRAAFEILAND, MESKILL, WINTER, Circuit Judges.
 
 
 1
 Eugene Celli and Wendy Liu appeal from Judge Koeltl's dissmissal of their complaint on statute of limitations grounds. Their sole argument on appeal is that their failure to bring a timely action was a result of excusable neglect. Such an argument was never presented to the court below, and "where a party has failed to raise an argument in the district court, an appellate court may only consider the argument where necessary to serve an 'interest of justice.' " Gibeau v. Nellis, 18 F.3d 107, 109 (2d Cir.1994) (citation omitted). We do not believe that any interest of justice would be served by permitting appellants to raise their excusable neglect argument here, particularly when it is anything but clear that excusable neglect is a ground for allowing an otherwise time-barred action to proceed. Indeed, the principal authority on which appellants now rely, Pioneer Inv. Services v. Brunswick Associates Limited Partnership, 113 S.Ct. 1489 (1993), involved Bankruptcy Rule 9006(b), which has no application to this case. We therefore see no manifest injustice in our declining to consider this new and attenuated argument.
 
 
 2
 We therefore affirm.