101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Larry SHUSTER, Plaintiff-Appellant,
v.
Eliot GERSTEN; John Geiger; Ed Nayle; Cathy Nagey;
Customs Service; Drug Enforcement Administration; 50
Unnamed DEA Agent; Gerald Whitmore; Martin McGuire;
Special Agent Anderson; N.Y.S. Trooper Rubio; Richard
Gittleman, FBI; Special Agent Sullivan; Mel Minsry; Amy
Schwarts; Ritorto, Attorney; John Luksic; Harry Brown
Esq; First Aviation; Johnson Contrad; Port Authority of
New York and New Jersey, Defendants-Appellees.
 No. 96-6001.
 United States Court of Appeals,
Second Circuit.
 July 3, 1996.
 
 Larry Shuster, pro se, Baldwin, NY, for Appellant.
 Harry L. Brown, pro se, Brooklyn, NY, for Appellees.
 Present: MINER, JACOBS, PARKER, Circuit Judges.
 UPON CONSIDERATION of this appeal from an order of the United States District Court for the District of Connecticut, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the order be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was argued.
 Plaintiff-appellant Larry Shuster appeals pro se from an order of the United States District Court for the District of Connecticut (Daly, J.) denying his Fed.R.Civ.P. 60(b) motion for reconsideration of a judgment dismissing his complaint for lack of prosecution.
 
 
 1
 On August 19, 1994, Shuster commenced the action giving rise to this appeal against numerous named and unnamed defendants, including Federal Bureau of Investigation agents, Drug Enforcement Administration agents, New York State troopers, and certain attorneys. In his complaint, Shuster alleged that the defendants, through the use of wiretapping and surveillance, conspired: 1) to ground his airplane by withholding its log book, and 2) to prevent him from fixing his airplane. He sought monetary and injunctive relief.
 
 
 2
 On March 20, 1995, the district court issued a notice, providing that, pursuant to D.Conn.Local R.Civ.P. 16(a), Shuster's action would be dismissed for lack of prosecution if no action was taken within 20 days. Shuster failed to respond, and judgment was entered against him on April 11, 1995.
 
 
 3
 On October 23, 1995, Shuster moved for reconsideration, pursuant to Fed.R.Civ.P. 60(b), arguing, inter alia, that: 1) he had not received his mail because a mail hold wrongly had been placed on his mailbox for failure to pay the mailbox fee; 2) the defendants were obliged to notify him of his default; and 3) the defendants had contacted typists in order to interfere with the typing of his papers. On November 27, 1995, the district court denied the Rule 60(b) motion "for lack of good cause shown on the present record." This appeal followed.
 
 
 4
 On appeal, Shuster argues that the district court erred in denying the motion for reconsideration. We disagree. This Court reviews the denial of a Rule 60(b) motion for abuse of discretion. Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991).
 
 
 5
 Shuster contends that the district court erred in denying the Rule 60(b) motion because, under Local Rule 16(a), the six-month period for determining whether there has been a failure to prosecute did not start running until service was effected on all defendants.[1] However, Shuster did not raise this contention in the district court, and therefore waived the claim. See Gibeau v. Nellis, 18 F.3d 107, 109 (2d Cir.1994). In any event, his argument is meritless, because the six-month period set forth in Local Rule 16(a) begins running from the date when "no action has been taken by the parties," and not from the date when service is effected.
 
 
 6
 Shuster also argues that the district court erred in failing to consider lesser sanctions before dismissing the action. This contention is without merit. The district court followed the provisions of Local Rule 16(a) governing dismissals for failure to prosecute. Under Local Rule 16(a), Shuster had an opportunity to explain his failure to prosecute or resume prosecution of his claims. However, he waived that opportunity by failing to respond within 20 days of the district court's March 20th order. Furthermore, although Shuster asserts that he did not receive his mail because a mail hold had been placed on his mailbox, removing such a hold was his responsibility and his failure to do so does not constitute "mistake, inadvertence, surprise, or excusable neglect." See Fed.R.Civ.P. 60(b)(1). Accordingly, the district court properly exercised its discretion in denying Shuster's Rule 60(b) motion.
 
 
 7
 We have considered Shuster's remaining contentions, and we find them all to be without merit.
 
 
 
 [1]
 Local Rule 16(a) provides:
 In civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 11 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record. If such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted to the Court within twenty (20) days thereafter, the Clerk shall enter an order of dismissal. Any such order entered by the Clerk under this Rule may be suspended, altered, or rescinded by the Court for cause shown.