**Rosemarie MILIUS, Plaintiff–Appellant–Cross–Appellee,**

v.

**SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, Bruce Babbitt, Defendant–Appellee–Cross–Appellant.**

**Nos. 00–6355(L), 01–6013 XAP.**

United States Court of Appeals, Second Circuit.

Nov. 16, 2001.

James A. Brown, Law Office of James A. Brown, Esq., New York, NY, for appellant.

Paul Kaufman, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, for appellee.

Present FEINBERG, OAKES, PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff–Appellant–Cross–Appellee, Rosemarie Milius ("Milius"), appeals from the Second Amended Judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*), entered on October 18, 2000, granting the Renewed Motion for Judgment as a Matter of Law made by Defendant–Appellee–Cross–Appellant, Secretary of the United States Department of the Interior, Bruce Babbitt ("Secretary").

The district court granted the Secretary's post-verdict motion for judgment as a matter of law ("JMOL") on Milius's hostile work environment claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Milius argues that the Secretary procedurally defaulted by failing to make a motion for JMOL at the close of evidence as required by Rule 50(b) and that the Secretary's motion failed to meet the specificity requirements of Rule 50(a)(2).

Rule 50(b) requires that a party make a motion for JMOL "at the close of all the evidence" before making a post-verdict motion for JMOL. It is the obligation of the party opposing a renewed motion for JMOL to raise its procedural objections to it in the district court. *Gibeau v. Nellis,* 18 F.3d 107, 109 (2d Cir.1994). We will only consider a new argument not presented to the district court "where necessary to serve an 'interest of justice.'" *Id.*

Milius did not object that the Secretary's post-verdict motion for JMOL was procedurally defective, and therefore, she has waived the issue for our review. *Gibeau,* 18 F.3d at 109. Further, because Milius failed to object to the Secretary's post-verdict motion for lacking specificity, she also waived her right to appellate review of that issue. *Marfia v. T.C. Ziraat Bankasi,* 147 F.3d 83, 87 (2d Cir.1998).

There is no interest of justice that requires us to consider these new arguments on appeal.

We also agree that as a matter of law Milius failed to establish that she was the victim of sexual harassment under a hostile work environment theory.

As a general matter, in order to be actionable, the incidents of harassment must occur with a regularity that can reasonably be termed pervasive. *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir.1998). "However, where the conduct is sufficiently severe, it may alter the plaintiff's conditions of employment without repetition...." *Id.*

In this case Milius proved that in an isolated incident a coworker who suffered from multiple sclerosis dropped his pants in front of her as he asked her to see whether there was an injury on his back after he had fallen down. Milius did not allege that similar behavior had ever occurred before or after. Viewing the evidence in the light most favorable to her, that isolated incident was not so severe that it could have altered the conditions of Milius's employment.

For the reasons set forth above, the judgment of the district court is AFFIRMED.