MIRASCO, INC., Plaintiff–Appellee–
Cross–Appellant,

v.

AMERICAN NATIONAL FIRE INSUR-
ANCE COMPANY and Great Ameri-
can Insurance Company, Defendants–
Appellants–Cross–Appellees.

Docket Nos. 04–3421, 04–3427,
04–3824, 04–3825.

United States Court of Appeals,
Second Circuit.

Aug. 15, 2005.

Harold M. Kingsley, Kingsley, Kingsley & Calkins, Hicksville, NY, for Appellants.

John M. Toriello, Holland & Kinght, LLP (James V. Marks), New York, NY, for Appellee, of counsel.

Present: SACK, KATZMANN, Circuit Judges, and PAULEY,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, VACATED and REMANDED.

This appeal involves an insurance dispute arising out of the importation of frozen beef livers into Egypt. On December 31, 1998, the M/V Spero departed Houston, Texas, for Alexandria, Egypt. Mirasco or its customers owned the cargo aboard the M/V Spero, which consisted of 219,072 cartons of frozen beef livers, comprising 132,-535 cartons of Iowa Beef Products (IBP) brand livers, 60,502 cartons of Excel brand livers, and 26,035 cartons of Monfort brand livers. Mirasco had purchased an ocean marine transportation policy issued by defendants American National Fire Insurance Company and Great American Insurance Company (the Insurers) that, *inter alia,* provided rejection coverage for the cargo.

The M/V Spero arrived in Egypt on January 23, 1999. While the vessel was in transit, Egypt enacted a law, "Decree No. 6," which banned the importation of IBP products. Egyptian authorities did not allow discharge of the IBP cargo and limited the amount of non-IBP cargo that could be discharged. After various exchanges with the authorities, Mirasco was unable or un-

willing to discharge any of the cargo aboard the M/V Spero. The vessel left Alexandria with its cargo still onboard on March 26, 1999. Mirasco made a claim for its losses under the rejection coverage. Litigation ensued. Following a grant of partial summary judgment, the case proceeded to a jury trial that resulted in a judgment in favor of Mirasco.

On appeal, the Insurers assert that the district court erred in ruling on summary judgment that 1) the policy's rejection clause was not ambiguous; 2) "rejection" meant a refusal to grant entry to goods, and 3) the entire cargo had been rejected. With respect to the Insurers' first two contentions, we agree with the district court that the term "rejection" was not ambiguous and with its interpretation of that term. We find unavailing the Insurers' argument that under the policy and practice of Egypt sampling, testing, an appeal, and the issuance of a final rejection certificate must occur before government action constitutes a rejection.

■ With respect to the Insurers' third contention, we conclude that the grant of judgment to Mirasco on the issue of whether the entire cargo was rejected was erroneous. "We review de novo a district court's grant of summary judgment." *Arbitron, Inc. v. Tralyn Broad., Inc.,* 400 F.3d 130, 134 (2d Cir.2005). In reviewing a grant of summary judgment, "we construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Id.* (internal quotation marks and citation omitted). The parties did not dispute that the IBP cargo was rejected. While there was evidence in the record that if credited supported an inference that the entire cargo

* Of the United States District Court for the Southern District of New York, sitting by designation.

had been rejected, there was also evidence that if credited supported an inference that only the IBP product was rejected and that the documents showing a complete rejection were false. We conclude that the Insurers raised a genuine issue of material fact as to whether the non-IBP cargo had been rejected. We therefore vacate the district court's grant of summary judgment on this issue to Mirasco, *see Security Ins. Co. of Hartford v. Old Dominion,* 391 F.3d 77, 86 (2d Cir.2004), and that portion of the judgment that awards damages to Mirasco for the non-IBP cargo.

■ The Insurers also contend on appeal that the district court erred in interpreting the policy to cover rejection caused partly by embargo and partly by some other cause. The court instructed the jury that if it found "that some or all of the cargo on the SPERO was rejected by the Egyptian government because of two or more independent acts, at least one of which is not excluded under the insurance policy, you must return a verdict finding that Mirasco is covered for that portion of the cargo." Tr. at 1168. The special verdict form asked the jurors whether the IBP cargo was rejected due to Decree No. 6, and, if so, whether the decree was improperly applied. We conclude that that instruction and the questions on the special verdict form were erroneous.

The policy establishes that losses caused by an embargo or prohibition are excluded from general rejection coverage. Under the exclusion, there can be no coverage for any loss if that loss was caused by an embargo or prohibition within the meaning of the policy, regardless of whether a covered reason may also have been a contributing factor. An event "causes" a loss within the meaning of the policy if it is the proximate cause of that loss. *See Pan Am. World Airways, Inc. v. Aetna Cas. &*

*Surety Co.,* 505 F.2d 989, 1006 (2d Cir. 1974); *accord Int'l Multifoods Corp. v. Commercial Union Ins. Co.,* 309 F.3d 76, 84 (2d Cir.2002). If the Insurers meet their burden of proof in showing that the embargo was the proximate cause of the loss, *Pa Am. World Airways,* 505 F.2d at 999, Mirasco may not recover for the IBP cargo beyond the limitations set forth in the policy. On the other hand, Mirasco argues that the embargo did not apply to the IBP cargo aboard the M/V Spero because it had been sold to Egyptian importers before the ban was passed. If Mirasco introduces sufficient evidence to establish by a preponderance of the evidence that the embargo did not in fact apply to the IBP cargo, and the proximate cause of the rejection was not the embargo, then Mirasco can recover under the terms of the rejection coverage. We therefore vacate the judgment with respect to the IBP cargo, and remand for further proceedings. On remand, the question of the proximate cause of the IBP rejection should be for the factfinder.

Mirasco also asserts that the district court erred in dismissing its claim in the Georgia action and counterclaim in the New York action for punitive damages under section 33–4–6 of the Georgia Insurance Code. We conclude that, under both Georgia and New York conflicts of law rules, the district court properly concluded that New York law governed these disputes. Because New York law does not provide for punitive damages awards in this context, the district court correctly dismissed the claim and counterclaim. Georgia's presumption of identity doctrine does not change this result: The doctrine does not allow for the application of Georgia statutory law to Mirasco's claim, *see Shorewood Packaging Corp. v. Commercial Union Ins. Co.,* 865 F.Supp. 1577, 1579–81 (N.D.Ga.1994), and neither New York statutory law nor Georgia common

law supports a cause of action for punitive damages.

We have considered the other claims of the parties and conclude that they are without merit.

For the foregoing reasons, the judgment of the District Court is hereby VACATED and REMANDED for proceedings consistent with this order.