**AMERICAN NATIONAL FIRE INSUR-ANCE CO. and Great American Insurance Co., Plaintiffs,**

v.

**MIRASCO, INC., Defendant.**

**Mirasco, Inc., Plaintiff,**

v.

**American National Fire Insurance Company, Defendant.**

**No. 99 CIV. 12405(RWS), 00 CIV. 5098(RWS).**

United States District Court, S.D. New York.

Aug. 31, 2006.

Kingsley & Kingsley, Hicksville, Hicksville, NY (Harold M. Kingsley, Joseph No-

cella, of Counsel), for American National Fire Ins. Co.

Holland & Knight LLP, New York City, By John M. Toriello, James V. Marks, Christelette A. Hoey, for Mirasco, Inc.

## OPINION

SWEET, District Judge.

American National Fire Insurance Company and Great American Insurance Company (the "Insurers"), defendants in 99 Civ. 12405 and plaintiffs in 00 Civ. 5098, have moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b) and in the alternative for a new trial pursuant to Fed.R.Civ.P. 59. For the reasons set forth below, the Insurers' motion is denied in its entirety.

### Prior Proceedings

The parties and prior proceedings have been described in greater detail in *Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 249 F.Supp.2d 303 (S.D.N.Y.2003) ("*Mirasco I*"), familiarity with which is assumed. On May 26, 2003, the motions for reconsideration of *Mirasco I* from both parties were denied in *Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 265 F.Supp.2d 240 (S.D.N.Y. 2003) ("*Mirasco II*"). Prior to the first trial, two further reconsideration motions were decided on September 30, 2003, *see Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, Nos. 99 Civ. 12405, 00 Civ. 5098, 2003 U.S. Dist. LEXIS 17370, 2003 WL 22271226 (S.D.N.Y. Sept.30, 2003) ("*Mirasco III*"), and on October 15, 2003, *see Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 265 F.Supp.2d 240 (S.D.N.Y.2003) ("*Mirasco IV*").

A jury trial was held between October 20 and October 30, 2003. The Insurers moved for judgment as a matter of law under Fed.R.Civ.P. 50(a) at the close of Mirasco's case and again at the close of the Insurers' case, both of which motions were denied. The jury returned a verdict, finding in favor of Mirasco, and the Insurers sought post-trial relief. The Insurers moved for judgment as matter of law pursuant to Fed.R.Civ.P. 50(b) and, in the alternative, for a new trial pursuant to Fed.R.Civ.P. 59, both of which motions were denied by the Court in *Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, Nos. 99 Civ. 12405, 00 Civ. 5098, 2004 WL 1110414, 2004 U.S. Dist. LEXIS 8803 (S.D.N.Y. May 24, 2004) ("*Mirasco V*").

The Insurers appealed to the Second Circuit, arguing that this Court erred in ruling on summary judgment that: "1) the policy's rejection clause was not ambiguous; 2) 'rejection' meant a refusal to grant entry to goods; and 3) the entire cargo had been rejected." *Mirasco v. Am. Nat'l Fire Ins. Co.*, 144 Fed.Appx. 171, 2005 U.S.App. LEXIS 17475, at *3 (2d Cir.2005) ("*Mirasco VI*"). The Second Circuit rejected the Insurers first two challenges and ordered a remand with respect to the third.

In accordance with the Second Circuit's directive, a second jury trial was held between March 14 and March 30, 2006. Prior to trial, Mirasco moved in limine to preclude certain evidence, and the Insurers cross moved to do the same. The parties motions were granted in part and denied in part in an opinion dated March 10, 2006. *See Am. Nat'l Fire Ins. Co. v. Mirasco*, Nos. 99 Civ. 12405, 00 Civ. 5098, 2006 WL 647729, 2006 U.S. Dist. LEXIS 10255 (S.D.N.Y. Mar. 10, 2006) ("*Mirasco VII*").

Pursuant to the Second Circuit's remand, the issues to be determined during the March, 2006 trial were: (1) whether the Monfort and Excel cargoes aboard the M/V Spero were rejected; and (2) what the proximate cause of the IBP cargo's rejection was. Following the close of Mi-

rasco's evidence, the Insurers moved the Court to dismiss Mirasco's case. Tr. at 590. This motion, which was deemed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), was denied. *See* Tr. at 590.

At the close of the evidence at trial, on March 29, 2006, Mirasco moved the Court pursuant to Fed.R.Civ.P. 44.1 to decide the applicability and effect of Egyptian Ministerial Decree No. 6 ("Decree No. 6") under Egyptian law. The Court adjourned the trial for the day, giving the Insurers an opportunity to oppose the motion. *See* Tr. at 1142–43. The Insurers declined to submit anything in opposition to Mirasco's motion, and the Court granted the motion on March 30, 2006, concluding that the interpretation of the applicability of Decree No. 6 to the cargo aboard the M/V Spero cargo under Egyptian law was to be decided by the Court.

In conjunction with this ruling, Mirasco moved for a directed verdict pursuant to Federal Rule of Civil Procedure 50 that the proximate cause of the IBP rejection was Decree No. 6, which was granted. *See* Tr. at 1162. Prior to beginning the jury charge, the Judge made the following statement before the jury: "I can now tell you that as a matter of law about which you must not speculate, the issue of the IBP cargo is no longer in this case. We are now dealing simply with the Excel and Monfort." Tr. at 1172.

During the course of his summation, John Toriello, Esq., counsel for Mirasco, made the following remark:

Mr. Nocella asked you: How many times should Great American pay? The answer is they should pay for the IBP, that's a decision already taken by the Judge, not for you; the answer is they should pay for the Excel, that's your decision; the answer is they should pay for the Monfort cargo. They received

the premium for this, a very sizeable premium. We are now asking that they satisfy their obligations and pay the claim. Thank you.

Tr. at 1253.

The jury returned a verdict in favor of Mirasco, concluding that ninety percent of the Excel and Monfort cargoes were rejected. The jury further found that 8.77 percent of Excel cargo and 43.6 percent of the Monfort cargo was rejected due to mislabeling.

The Insurers filed this motion for judgment as a matter of law or for a new trial on April 12, 2006. The motion was marked fully submitted on May 3, 2006.

### Discussion

**A. The Insurers' Rule 50(b) Motion is Without Merit**

■ Federal Rule of Civil Procedure 50(b) provides that:

If for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after the entry of judgment . . .

The Court of Appeals for the Second Circuit has held that "when a Rule 50(a) motion made during the trial is not granted, the moving party must renew the motion both at the close of evidence and within ten days after entry of judgment." *Pahuta v. Massey–Ferguson, Inc.,* 170 F.3d 125, 129 (2d Cir.1999). The only exception to the requirement of a preverdict motion arises where denial of judgment as a matter of law would result in

"manifest injustice." *Gibeau v. Nellis*, 18 F.3d 107, 109 (2d Cir.1994).

■■■ The moving party bears a heavy burden to prevail on a motion for judgment as a matter of law under Rule 50(b). *Merrill Lynch Interfunding, Inc. v. Argenti*, 155 F.3d 113, 120 (2d Cir.1998). The grounds supporting the earlier motion must be specifically articulated, and may include explicit references to materials and arguments previously supplied to the court. *See Piesco*, 12 F.3d at 340. The post-verdict motion for judgment as a matter of law may not assert any grounds which were not raised in the earlier motion. *See Lambert v. Genesee Hospital*, 10 F.3d 46, 54 (2d Cir.1993); *Hilord Chemical Corp. v. Ricoh Electronics, Inc.*, 875 F.2d 32, 37–38 (2d Cir.1989). To grant a Rule 50(b) application, there must be "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of mere surmise and conjecture, or ... such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [it]." *Concerned Area Residents for the Environment v. Southview Farm*, 34 F.3d 114, 117 (2d Cir.1994) (*quoting Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir.1992) (citations omitted)).

■■ At the close of Mirasco's case, the Insurers conclusorily moved, presumably pursuant to Rule 50(a), "to dismiss the case brought by Mirasco Incorporated against it." Tr. at 590. The Insurers' motion failed to specify the grounds upon which they sought judgment as a matter of law or the "law and the facts upon which the moving party is entitled to judgment" as required under the rule. Fed.R.Civ.P. 50(a). At the close of all of the evidence, the Insurers did not renew their previous motion or otherwise move for judgment as a matter of law.[1] As set forth above, the Insurers' failure to move under Rule 50(b) at the close of all of the evidence precludes them from so moving following the jury's verdict.[2]

■■ Furthermore, even assuming arguendo that the Insurers had properly moved pursuant to Rule 50(b) at the close of all of the evidence, the procedural deficiencies of their Rule 50(a) motion would also warrant a denial of the Insurers' motion. As stated above, the Insurers are limited to those grounds articulated in their Rule 50(a) motion. Because the Insurers failed to articulate grounds supporting their Rule 50(a) motion, even if they had renewed that motion prior to submission of the case to the jury, they had not articulated any grounds upon which to do so.

Given the procedural deficiencies of the Insurers' motion, judgment as a matter of law "should not be granted unless it is required to prevent manifest injustice."

---

1. The Insurers cite one transcript passage in their post-trial Rule 50(b) motion in which Mr. Nocella, counsel for the Insurers, during the course of the jury charge conference sought to preserve the Insurer's rights with respect to the Court's determination on the foreign law issue. The Insurers have not specifically argued that this request amounts to a renewal of their Rule 50 motion; however, for the sake of clarity, it is hereby concluded that it does not, given that it refers only to the foreign law issue, which was raised after their Rule 50(a) motion was made.

2. It bears noting that the Insurers, who bear the burden on their Rule 50(b) motion, *see* Fed.R.Civ.P. 50, failed in their Memorandum of Law in Support of this motion to point to anything in the trial transcript indicating that they renewed at the close of the evidence their motion for judgment as a matter of law. They also failed to file a Reply brief rebutting Mirasco's assertion that the Insurers failed to renew their motion.

*Cruz v. Local Union No. 3,* 34 F.3d 1148, 1155 (2d Cir.1994). Because the Insurers do not argue that "manifest injustice" would result in the absence of judgment as a matter of law, and the Court sees no grounds for so ruling, the Insurers Rule 50(b) motion is denied in its entirety.

## B. The Insurers Are Not Entitled to a New Trial Under Fed.R.Civ.P. 59

■■■ The standard for granting a new trial is less stringent than that for judgment as a matter of law. *See Katara v. D.E. Jones Commodities, Inc.,* 835 F.2d 966, 970 (2d Cir.1987); *Bseirani v. Mahshie,* 881 F.Supp. 778, 783 (N.D.N.Y.1995), *aff'd,* 107 F.3d 2, 1997 WL 3632 (2d Cir. 1997). On a motion for new trial "the judge may set aside the verdict even though there is substantial evidence to support it." 11 Charles Alan Wright et al., Federal Practice and Procedure: Civil 2d, § 2806, at 65 (2d ed.1995). The court may weigh the evidence for itself without viewing it in the light most favorable to the verdict winner. *See id.* at 67; *Song v. Ives Laboratories, Inc.,* 957 F.2d 1041, 1047 (2d Cir.1992); *Paper Corp. of the U.S. v. Schoeller Technical Papers, Inc.,* 807 F.Supp. 337, 347 (S.D.N.Y.1992). Still, a new trial may only be granted if "the court is convinced that the jury has reached a seriously erroneous result, or that the verdict is against the weight of the evidence, making its enforcement a miscarriage of justice." *Smith v. Lightning Bolt Productions, Inc.,* 861 F.2d 363, 370 (2d Cir.1988); *Taylor,* 868 F.Supp. at 484. Where, as here, a party moves jointly under Federal Rules of Civil Procedure 50(b) and 59(a), the court must rule separately on each motion. *See id.* at 482; 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d, § 2539, at 361 (2d ed.1995).

In support of their motion for a new trial, the Insurers argue that: (1) the court's determinations that the laws of Egypt govern the Policy's Embargo Exclusion Clause and that, under Egyptian law, Decree No. 6 did not apply to the IBP cargo were improper; (2) the jury's consideration of the issue of the alleged rejection of the Excel and Monfort cargoes was prejudiced by the court's withdrawal of the IBP proximate cause issue; (3) various in limine rulings of the court (contained in *Am. Nat'l Fire Ins. Co. v. Mirasco,* [citation]) were erroneous; and (4) various other legal and evidentiary rulings at trial were erroneous.

■■■ With respect to the Insurers' first challenge, they offer no legal authority to support their contention that the foreign law issue should not have been decided by the Court.[3] Federal Rule of Civil Procedure 44.1 states, in relevant part that "[t]he court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law." Fed. R.Civ.P. 44.1 Under the plain language of the Rule, the determination of foreign law is a question of law for the Court to decide. *See* Fed.R.Civ.P. 44.1; *Ackermann v. Levine,* 788 F.2d 830, 838 n. 7 (2d Cir.1986). As such, it is concluded that the determination that the Court should decide the applicability and effect of Decree No. 6 under Egyptian law was proper, and the Insurers are not entitled to a new trial on this basis.

---

**3.** The Insurers also failed at trial to point to any authority for their contention that the court should not decide issues of Egyptian law, despite being afforded the opportunity to brief the issue. *See* Tr. at 1166.

Additionally, the Court's decision with respect to the substance of Egyptian law does not warrant a new trial under Rule 59, as it is supported by the testimony of Mirasco's expert on Egyptian law, Tarek Reid, as well as by the testimony of the Insurers' witnesses, Ahmed El Beah, Ahmed Omar, and Captain El Bendary. The Insurers' emphasis on the contrary testimony of the Insurers' witness, Ashraf Hafez, does not establish that the "verdict is against the weight of the evidence, making its enforcement a miscarriage of justice." *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 370 (2d Cir.1988).

The Insurers also argue that the Court disregarded the Second Circuit's mandate by granting a directed verdict for Mirasco on the IBP issue. According to the Insurers, by deciding the issue of Egyptian law and drawing the related conclusion that Mirasco was entitled to a directed verdict, the Court disregarded the Second Circuit's holding that the issue of proximate cause shall be for the factfinder. *See Mirasco VI*, 144 Fed.Appx. at 173 (stating that "[o]n remand, the question of the proximate cause of the IBP rejection should be for the factfinder").

■ With respect to the cause of the IBP rejection, the parties posited three arguments: (1) that it was rejected as a result of proper application of Decree No. 6; (2) that it was arbitrarily rejected; and (3) that its rejection was a result of a misapplication of law. In addition to the Court's determination of the foreign law issue, i.e., that under Egyptian law Decree No. 6 did not apply to ships sailed prior to its effective date, the parties had already stipulated to the fact that the M/V Spero had sailed before the effective date of De-

cree No. 6. *See* Tr. at 1256–57. In accordance with that ruling, Decree No. 6 could not apply to the MV Spero because it had sailed prior to the decree's effective date. *See* Tr. at 871.[4] Consequently, the Insurers could not prove that the embargo exclusion applied and did not argue or introduce evidence supporting the application of any other exclusion. In light of the Second Circuit's acknowledgment that no question existed with respect to whether the IBP cargo was rejected, *see Mirasco VI*, 144 Fed.Appx. 171, 172 (2d Cir.2005), the Court properly granted a directed verdict with respect to that cargo.

■ According to the Insurers, a new trial is also warranted on account of Mr. Toriello's reference in his summation for Mirasco to the Judge's decision on the IBP rejection issue. *See* Tr. at 1253. The Insurers contend that counsel for Mirasco told the jurors that the Court had decided that the Insurers should pay for the IBP cargo and that this comment warrants a new trial. As an initial matter, Mr. Toriello's comment, while suggestive, does not flatly tell the jury what the Court's determination was with respect to the IBP cargo. He simply stated that the Insurers should pay for the IBP and noted that this was a "decision already taken by the Judge." To the extent that the jury understood the remark to mean that the Court had decided the issue in favor of Mirasco, it is concluded that the Court's instruction to the jury not to speculate as to the IBP cargo was sufficient to overcome any prejudice. Accordingly, it is concluded that any improper comments made on the part of Mirasco's counsel amounted to harmless error. *See e.g., Greenway v. Buffalo Hilton Hotel*, 951

---

4. The Insurers' counsel made a similar concession during summation at the first trial, stating: "Because the shipment was before the effective date of the decree, and there is no testimony other than that. In that circumstance, there is a basis for asserting an entitlement as a matter of Egyptian law and regulation to a certificate of exemption."

F.Supp. 1039, 1054–55 (W.D.N.Y.1997) (denying post-trial motions for directed verdict and new trial where plaintiff's counsel made "isolated comments" in the context of an otherwise proper summation).

■■■ The Insurers also contend that a new trial is warranted based upon this Court's rulings on the parties' motions in limine. Specifically, the Insurers argue that the exclusion of the Insurers' expert witness Rodgers' testimony that rejection insurance covers arbitrary government rejection but excluded arbitrary or misapplied embargoes, *see Mirasco VII*, 2006 WL 647729, \*\*2–3, 2006 U.S. Dist. LEXIS 10255, at \*6–\*8, was erroneous.

■■■ As an initial matter, the Insurers failed to renew their objections to the motions in limine at the close of evidence, and therefore should be precluded from so doing after the jury has returned a verdict. "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998). Furthermore, the Insurers twice challenged this Court's determination with respect to the Policy's coverage of "arbitrary acts of a government, including arbitrary rejection or detention or miscarriage of administrative determination," *see Mirasco I*, 249 F.Supp.2d at 319. The Second Circuit remanded the case only with respect to the two issues outlined above and did not disrupt this Court's prior determinations with respect to the policy's embargo exclusion. *See Mirasco VI*, 144 Fed.Appx. at 173–174. Finally, it also bears noting that the Insurers' counsel conceded at the first trial that the Policy covers arbitrary acts and miscarriages of administrative determinations under the rejection portion of the policy.

In his opening statement, the Insurers' counsel stated:

> Remember, according to the claim, arbitrary or even unlawful government action is covered by the rejection policy. You will not hear me during the course of this trial say that it does not so.

Hoey Dec., Ex. 2 at 85. Based on the foregoing, the exclusion of Rodgers' testimony, even if it had been erroneous, does not warrant a new trial under Rule 59.

Finally, the Insurers argue that a new trial is warranted on account of various allegedly erroneous evidentiary rulings made by the Court throughout the trial. Specifically, the Insurers allege that the following errors were made: (1) the admission of a redacted version of the Seahorse Survey Report (the "Seahorse Report"), which contained hearsay; (2) the refusal to admit an unredacted version of the Seahorse Report; (3) the refusal to allow Mr. Aly to testify as an expert; (4) the exclusion of the March 1999 El Shaffey letter.

In order for evidentiary errors to form the basis for a new trial, the standard of Fed.R.Civ.P. 61 must be met:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Fed.R.Civ.P. 61; *see also Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir.1997) ("even an erroneous evidentiary ruling will not lead to reversal unless affirmance

would be 'inconsistent with substantial justice'"). "The Second Circuit has clarified that a substantial right has been affected only where a jury's judgment was likely to have been 'swayed by the error.'" *Parrish v. Sollecito,* 280 F.Supp.2d 145, 165 (S.D.N.Y.2003) (*quoting Perry,* 115 F.3d at 150).

 While the Insurers have stated conclusorily that each of the above rulings was erroneous, they have made no attempt to show that their substantial rights have been affected, or to show that the jury's judgment would have been affected by any error.[5] Furthermore, the issues with respect to the Seahorse Report were thoroughly considered, and the Court allowed into evidence the same version of the report as it did in the first trial. The Court's determination that Aly was not qualified to testify as an expert regarding Decree No. 6 was also proper given that his experience with the enforcement of the decree did not render him an expert with respect to the interpretation of the decree or customs procedures. Finally, with respect to the March, 1999 El Shaffey letter, because authenticity questions were raised at the first trial with respect to whether the correct date of the letter was March 15 or March 25, the Court was correct in applying the best evidence rule. The Insurers, accordingly, are not entitled to a new trial on the basis of the evidentiary errors they have alleged.

### Conclusion

For the reasons set forth above, each of the Insurers arguments for judgment as a matter of law under Rule 50(b) and for a new trial under Rule 59 have been rejected. Accordingly, the motion is denied.

It is so ordered.

---

5. While the Insurers cite Federal Rules of Civil Procedure 50 and 59 as the bases for the underlying motions, they neither cite nor frame their arguments around the standards set forth in these rules, nor do they cite a single case in support of any of the numerous grounds asserted throughout the entire sixteen-page brief submitted in support of the motions.