FENDI ADELE S.R.L., Fendi S.R.L., and Fendi North America, Inc., Plaintiffs–Counter–Defendants–Appellees,

v.

BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, and Cohoes Fashions, Inc., Defendants–Third–Party–Plaintiffs–Counter–Claimants–Appellants,

v.

546332 BC Ltd., d/b/a Colton International, Ashley Reed Trading, Inc., Euro Moda, Inc., Moda Oggi, Inc., Summit Resource Imports LLC, Third–Party–Defendants.

No. 06–1351.

United States Court of Appeals, Second Circuit.

March 14, 2007.

J. Joseph Bainton, Bainton McCarthy LLC, New York, NY, for Appellant.

Victor Genecin, Pavia & Harcourt LLP, (Richard L. Mattiaccio, Anthony S. Cannatella, of counsel), New York, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Circuit Judges and Hon. GEORGE B. DANIELS, District Judge.*

## SUMMARY ORDER

We assume that the parties and counsel are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

The district court (Leonard B. Sand, *Judge*) denied the Rule 60(b) motion filed by the appellant Burlington Coat Factory Warehouse Corporation ("Burlington").[1] On appeal, appellees (collectively "Fendi") argue that Rule 60(b) provides no basis for the relief Burlington seeks. Burlington contends that, because Fendi did not refer to Rule 60(b)'s standards before the district court, it waived the right to have us apply those standards to decide whether Burlington's motion should have been granted. According to Burlington, Fendi has waived this "procedural defense." *See Gibeau v. Nellis*, 18 F.3d 107, 109 (2d Cir.1994).

But Fendi does not argue that Burlington's motion is barred because Burlington failed to meet a procedural requirement. Fendi's argument is that Burlington's motion does not present grounds for relief under Rule 60(b)'s standards. Fendi's "fail[ure] to reference the standard in its papers before the District Court" is irrelevant—this is a "standard of general appli-

cability" that cannot be waived. *See Eze v. Senkowski*, 321 F.3d 110, 120–21 (2d Cir. 2003). We therefore apply Rule 60(b)'s standards on appeal.

Burlington argues that we should modify the "first sale doctrine" in the trademark context into a *per se* rule so that it conforms with copyright's first sale doctrine, as Burlington contends that doctrine operates. Burlington asserts that the right of first sale in copyright cannot be waived by contract. If we were to make that assumption and apply it to trademark law, then the 1987 consent injunction between Burlington and Fendi should be modified because it achieves an effect contrary to such a *per se* rule.

A motion under Rule 60(b)(1)–(3) must be made within one year after the judgment. See Fed.R.Civ.P. 60(b). Because this motion comes nearly 20 years after the court entered the consent injunction, Burlington cannot prevail under these provisions. Rule 60(b)(4), which allows relief when the judgment is void, is also inapplicable because Burlington does not contend that the consent injunction was entered in a "manner inconsistent with due process," *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir.2004) (quotation marks omitted), or that the issuing "court plainly usurped jurisdiction," *Central Vermont Public Service Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir.2003). Finally, Burlington cannot prevail under Rule 60(b)(5) or Rule 60(b)(6) because it points to no material, relevant change in fact or law since the 1987 consent injunction, *see*

---

* The Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

1. Burlington filed a motion requesting that this Court take judicial notice "of the filing and entering of the Answer." We hereby grant the motion for the purpose of establishing the existence and filing of the documents attached to the answer, but not for the truth of the statements they contain or the effect they may have had, if any, on Fendi's state of mind. *See* Fed.R.Evid. 201(b).

*Schildhaus v. Moe,* 335 F.2d 529, 530 (2d Cir.1964), or "extraordinary circumstances" justifying relief, *DeWeerth v. Baldinger,* 38 F.3d 1266, 1272 (2d Cir.1994). Moreover, the motion was not made within a "reasonable time," which is the general Rule 60(b) standard. *See* Fed.R.Civ.P. 60(b).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.