143 F.3d 100
 James ATKINS, Plaintiff--Appellant,
v.
NEW YORK CITY, the New York City Police Department, Justice,
Shield No. 10274, P.O. TUDOR, Shield No. Unknown, Sergeant
Betterly, Shield No. Unknown, Detective Williams, Shield No.
Unknown, individually, and in their official capacities as
police officers of the City of New York, Defendants-Appellees.
 No. 97-7899.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 26, 1998.
Decided May 5, 1998.
 
 David N. Yaffe, Melville, NY (Richard Hamburger, Lane T. Maxson, Richard Charles Hamburger, P.C., Melville, NY, Frederick Brewington, Hempstead, NY, of counsel), for Plaintiff-Appellant.
 Steven J. Rappaport, New York City (Paul A. Crotty, Corporation Counsel of City of New York, Larry A. Sonnenshein, New York City, of counsel), for Defendants-Appellees.
 Before: WINTER, Chief Judge, PARKER, Circuit Judge, and SCHWARZER, Senior District Judge*.
 SCHWARZER, Senior District Judge:
 The question before us is whether, given undisputed evidence of serious injury resulting from force used in an arrest, an award of only nominal damages can follow a finding of excessive force and whether, if not, both liability and damages must be retried given the facts of the case.
 A. Procedural Background
 Appellant James Atkins ("Atkins") brought this action under 42 U.S.C. § 1983 against New York City, the New York City Police Department, and Police Officers Justice and Tudor, Police Sergeant Betterly, and Police Detective Williams, for damages caused by deprivation of his constitutional rights in connection with his arrest and subsequent detention. After a five-day trial, the jury found that Justice had falsely arrested and detained Atkins and had used excessive force to stop and arrest him, and that Tudor and Williams had failed to intervene in the arrest and use of excessive force. It found in favor of Betterly on all claims. The jury awarded Atkins $1 in nominal damages, denying him compensatory and punitive damages. Atkins moved under Fed.R.Civ.P. 59 for a new trial limited to the issue of damages on the ground that under the jury's liability findings he was entitled to compensatory damages as a matter of law. Atkins also moved for attorneys' fees and costs under 42 U.S.C. § 1988. The district court for the Eastern District of New York (Ross, J.) denied the motions and entered judgment, and Atkins appeals from the denial of his new trial motion. We have jurisdiction under 28 U.S.C. § 1291; see Haywood v. Koehler, 78 F.3d 101, 104 (2d Cir.1996) (denial of motion for new trial rejecting claim that plaintiff is entitled to compensatory award as a matter of law is reviewable). We vacate the judgment and remand for a new trial.
 B. Standard of Review
 "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Lightfoot v. Union Carbide Corp., 110 F.3d 898, 911 (2d Cir.1997) (internal notations and quotations omitted). Here, the district court held that a new trial was not warranted because "it was neither seriously erroneous nor unjust for the jury to have concluded ... that although three of the defendants had violated plaintiff's constitutional rights, the violations themselves caused plaintiff no compensable injuries." On review of the district court's ruling, we must view the evidence in the light most favorable to the nonmoving party, Gibeau v. Nellis, 18 F.3d 107, 109 (2d Cir.1994), and will reverse only if the trial court's denial of the new trial motion constitutes an abuse of discretion. Dailey v. Societe Generale, 108 F.3d 451, 458 (2d Cir.1997).
 C. Facts
 The altercation that gave rise to Atkins's claims began when the officers staked out a location in East New York on a tip that a drug transaction would take place. The officers observed a man who appeared to be checking them out and who then spoke to occupants of two cars that had circled the block observing the officers. The cars stopped and the officers saw several men exit, one (later identified as Atkins) with his jacket open and his hands in his pockets. Suspecting the men to be armed, the officers exited their car with guns drawn. Officer Justice approached Atkins, yelling, "Police. Take your hands out of your pockets." According to Justice, Atkins then took his right hand out and swung at him. To ward off the blow, Justice struck him on the forehead with his police radio, and then spun him around and forced him to the ground and handcuffed him. Justice testified that he arrested Atkins for disorderly conduct for not removing his hands from his pockets and taking a swing at him, for resisting arrest because Atkins resisted when he swung him to the ground, and for loitering because Atkins allegedly was in the area to buy drugs. Atkins testified that he had been hit so hard he was unable to control his bladder, that Justice forced a gun barrel up his nose and threatened to kill him (which Justice denied), and that Justice kicked and stomped in his face. Eventually the officers took Atkins to the precinct where he was strip-searched. He was then taken in custody to the hospital where his cuts were bandaged and he was given two Tylenols. The contemporary medical reports, as well as a photograph of Atkins taken at the time of his release, show that he sustained a laceration and multiple abrasions on his forehead and head. He was released thirty hours after his arrest. At trial Atkins presented evidence that he was suffering from emotional and physical trauma from the incident including blurred vision, depression, post-traumatic headaches and stress, cervical lumbar myofascitis, and a wrist injury.
 D. Discussion
 1. Waiver
 Appellees argue first that Atkins waived his challenge to the district court's ruling by failing to object to the jury instructions and to the verdict sheet permitting the jury to award nominal damages. They also argue waiver on the basis of Atkins's failure to request the court to resubmit to the jury what they hold to be an inconsistent verdict before moving for a new trial. We need not reach this issue as the appellees themselves have waived the waiver point. See Gibeau, 18 F.3d at 109 ("[B]ecause appellees failed to raise this procedural defense [of waiver] in the district court, they are the ones who have waived the issue. Where a party has failed to raise an argument in the district court, an appellate court may only consider the argument where necessary to serve an interest of justice."). Having failed to raise this argument in opposition to the Rule 59 motion and to "demonstrate[ ] that any interest of justice would be served by considering ... [it] on appeal," id., appellees have waived the argument.
 2. Compensatory Damages
 A § 1983 plaintiff is entitled to nominal damages only in the absence of proof of actual injury. Carey v. Piphus, 435 U.S. 247, 248, 98 S.Ct. 1042, 1044, 55 L.Ed.2d 252 (1978). Where the plaintiff has been subjected to excessive force, compensable injury would normally follow. See Wheatley v. Beetar, 637 F.2d 863, 867 (2d Cir.1980). A finding of excessive force does not, however, entitle the victim to compensatory damages as a matter of law. Westcott v. Crinklaw, 133 F.3d 658, 661 (8th Cir.1998). To recover compensatory damages plaintiff must prove that his injuries were proximately caused by the constitutional violation. Gibeau, 18 F.3d at 110. Where the evidence would permit the jury to find that, while both justifiable and excessive force was used, the injury was caused by the use of the former, an award of nominal damages is proper. Id. If it is clear from the undisputed evidence, however, that the plaintiff's injuries were caused by the use of excessive force, then the jury's failure to award some compensatory damages should be set aside and a new trial ordered. Haywood, 78 F.3d at 104; see also Wheatley, 637 F.2d at 867; Westcott, 133 F.3d at 661.
 In denying Atkins's motion, the district judge distinguished Wheatley on the ground that there the defendant officers denied using any force. It would therefore have been inconsistent for the jury to find that excessive force was used and not award compensatory damages. The judge stated that in this case, in contrast, "Justice testified that he struck [Atkins] in the head with his police radio and forcibly subdued plaintiff at the time of his arrest." In this fashion, the court analogized the case to Gibeau where Officer Spanfelner (not a defendant) punched and slapped Gibeau in the face while returning him to his cell, Officer Lytle then entered the cell and administered a series of blows with a flashlight, and the jury found that Lytle had used excessive force but that it had not caused injury to Gibeau. The court held that a reasonable jury could have found that Gibeau had failed to establish that his physical injuries were caused by Lytle. Similarly, in Haywood, also cited by the district court, plaintiff was involved in two episodes with Captain Garcia, the first in the day room where Garcia hit plaintiff to fend him off in the course of restoring order, and the second shortly thereafter when plaintiff had been returned to his cell and was allegedly beaten and kicked by Garcia and others. The jury found Garcia to have used excessive force and awarded nominal damages. The court affirmed, holding that although plaintiff's injury was undisputed, the conflicting evidence permitted the jury to find that it was caused in the day room as a result of Garcia's use of reasonable force to restore order and that after inflicting that injury Garcia in the continuing struggle used excessive force but caused no compensable injury.
 These decisions are not apposite, for in this case there was never a moment when force applied by Justice could have been found to be lawful. The jury found that Justice falsely arrested Atkins and that he used excessive force "to stop and arrest plaintiff." If we assumed that Justice was entitled to carry out a Terry stop when he saw Atkins walk toward him with his hands in his pockets, the verdict establishes his use of excessive force. And even if the jury believed that Atkins started to swing at Justice (for which he was arrested), the force used in connection with the arrest was unlawful because the arrest was found to be unlawful. Thus, the verdict leaves no room for a finding that Justice was acting lawfully if he hit Atkins with the police radio.
 
 
 1
 Appellees argue that although the jury may have found that Justice did not have probable cause to arrest Atkins for disorderly conduct, it may have believed that Atkins swung at Justice and Justice used reasonable force in striking Atkins with the radio in defense of himself and his fellow officers, and thus may have believed that all of Atkins's injuries were caused by Justice's use of reasonable force. The argument fails for two reasons. First, it would be incongruous for the jury to find that Atkins attempted to hit Justice but that Justice did not have probable cause to arrest Atkins for disorderly conduct. Attempting to hit an officer would clearly constitute such conduct, proscribed, as the jury was told, by N.Y. Penal Law § 240.20: "A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: 1. He engages in fighting or in violent, tumultuous or threatening behavior; or ... 7. He creates a hazardous or physically offensive condition by any act which serves no legitimate purpose." Second, even if we were to accept the appellees' dubious speculation about what the jury found, the "reasonable" use of force--striking Atkins's forehead once with the radio--could not have caused both a laceration and the multiple abrasions shown by undisputed evidence. Therefore, at least some of Atkins's actual injuries must have been caused by Justice's use of excessive force and are compensable as a matter of law.
 
 
 2
 A beating severe enough to leave marks is sufficient proof of a compensable injury. Wheatley, 637 F.2d at 866-67. Although the jury may have properly discounted some of his alleged physical and emotional injuries because the medical opinions and testimony were based in part on Atkins's subjective symptoms, the jury's rejection of Atkins's undisputed injuries and of the pain and suffering from the beating itself is unsupportable. See id. In view of our disposition of Atkins's excessive force claim, we need not address Atkins's additional claim that he is entitled to compensatory damages as a matter of law for his false arrest and imprisonment claims.
 
 3. New Trial
 
 3
 Finally, we address whether to grant a new trial on all issues or a new trial limited to damages. While we may order a new trial on damages only, Gasoline Products Co. v. Champlin Ref. Co., 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931), we should not do so " 'if there is reason to think that the verdict may represent a compromise among jurors with different views on whether defendant was liable or if for some other reason it appears that the error on the damage issue may have affected the determination of liability.' " Diamond D Enter. USA, Inc. v. Steinsvaag, 979 F.2d 14, 17 (2d Cir.1992) (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2814); cf. Wheatley, 637 F.2d at 867 (new trial on damages only where trial had been bifurcated). We may infer that a verdict is a compromise where damages are awarded in an amount inconsistent with the theory of liability offered at trial together with other indicia such as a close question of liability. See Diamond D Enter. USA, Inc. 979 F.2d at 17; see also Vichare v. Ambac Inc., 106 F.3d 457, 463 (2d Cir.1996) (citing Ajax Hardware Mfg. Corp. v. Industrial Plants Corp., 569 F.2d 181, 184 (2d Cir.1977); Maher v. Isthmian S.S. Co., 253 F.2d 414, 416-17 (2d Cir.1958)).
 
 
 4
 Although there is in this case no evidence proving that a compromise verdict was returned, for the purpose of determining whether we should order a new trial on all issues, it is sufficient that the issue of liability was close and vigorously contested and that the verdict on damages was inconsistent with the facts adduced at trial.
 
 
 5
 Accordingly, we VACATE and REMAND for a new trial on all issues.
 
 
 
 *
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation