Hailey WILLS–HINGOS,
Plaintiff–Appellee,

v.

THE RAYMOND CORPORATION,
Defendant–Appellant.

No. 03–7912.

United States Court of Appeals,
Second Circuit.

July 1, 2004.

Joseph J. Steflik, Jr., Coughlin & Gerhart, LLP, Binghamton, NY, for Defendant–Appellant, of counsel.

Ronald R. Benjamin, Binghamton, NY, for Plaintiff–Appellee.

PRESENT: JACOBS, B.D. PARKER, Circuit Judges, and BLOCK,* District Judge.

## SUMMARY ORDER

Defendant appeals from (1) that part of a judgment entered November 7, 2002, after a jury verdict, awarding plaintiff $57,500 for lost wages and $5,000 for pain, suffering and mental anguish on her Title VII pregnancy discrimination claim; (2) a judgment entered August 4, 2003, also incorporating an order filed August 1, 2003, collectively denying defendant's motion for judgment as a matter of law pursuant to Fed R. Civ. Pro. 50, or, alternatively, for a new trial pursuant to Fed. R. Civ. Pro. 59, and awarding plaintiff front pay in the sum of $38,300, prejudgment interest, attorney's fees and costs.

Defendant contends in support of either or both its Rule 50 and 59 motions that: (1) plaintiff failed to establish that pregnancy was a motivating factor for her termination; (2) the back pay award should be reduced and front pay denied because of plaintiff's failure to mitigate damages, and (3) plaintiff misled the court and jury to believe that she was not represented by counsel before the New York State Human Rights Division, which issued a finding of no probable cause. We reject each of these contentions, finding no error in the district court's denials of these motions.

Judgment as a matter of law is appropriate following a jury verdict only if "there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Luciano v. Olsten Corp.,* 110 F.3d 210, 214 (2d Cir.1997) (internal quotations and citations omitted). "In reviewing the denial of judgment as a matter of law on appeal, we must view the evidence in the light most favorable to the nonmoving party and may reverse the denial of judgment as a matter of law only if the evidence is such that, with credibility assessments made against the moving party and all inferences drawn against the moving party, there can be but one conclusion as to the verdict that reasonable jurors could have reached." *Id.* at 214–15 (citations omitted).

A district court's denial of a motion for a new trial is reviewed for abuse of discretion. *See SCS Communications, Inc. v. Herrick Co., Inc.,* 360 F.3d 329, 344 (2d Cir.2004). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins v. New York City,* 143 F.3d 100, 102 (2d Cir.1998).

## I. Sufficiency of the Evidence of Pregnancy Discrimination

Pregnancy discrimination is expressly proscribed under Title VII, 42 U.S.C.2000e–2(a), 42 U.S.C. § 2000e(k); thus, it is subject to the same principles applicable to all Title VII discrimination

---

\* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

cases and all other employment-related anti-discrimination federal statutes. *See, e.g., Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2d Cir.1998) (applying "the three-step burden shifting analysis of *McDonnell Douglas*" to pregnancy disparate treatment claim). Whether judgment as matter of law would be appropriate in such cases "will depend on a number of factors," including: "the strength of the plaintiff's *prima facie* case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on [such] a motion." *Reeves v, Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 148–49, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). In making this determination, our function "is to examine the entire record and, in accordance with *Reeves,* make the case-specific assessment as to whether a finding of discrimination may reasonably be made." *Zimmermann v. Assocs. First Capital Corp.,* 251 F.3d 376, 382 (2d Cir.2001)(applying *Reeves* factors in upholding jury verdict).

Plaintiff presented sufficient evidence to allow the jury to conclude that defendant's proffered reason for discharging her—that she had been insubordinate the day before she was terminated—was pretextual, and that the defendant intentionally discriminated against her because of her pregnancy: (1) she had an unblemished job performance record and was terminated shortly after the defendant learned of her pregnancy; (2) her due date coincided with the planned acquisition of a new machine she would be responsible for operating, which would require someone to be trained on the machine while plaintiff was on maternity leave; (3) her termination occurred immediately after she returned to work after a one week absence due to pregnancy-related conditions; (4) she had previously taken time off from work for another medical condition without incident; (5) defendant's explanation for her termination

was controverted not only by her testimony, but also by the testimony of her immediate supervisor; (6) the termination was inconsistent with the employer's personnel policy because plaintiff was immediately terminated for a reason that did not warrant such precipitous action, rather than suspended pending an investigation, and (7) the manager who terminated plaintiff had repeatedly questioned her about her due date and had asked her whether she would be a stay-at-home mom.

## II. Mitigation

"Victims of employment discrimination are required to mitigate their damages." *Greenway v. Buffalo Hilton Hotel,* 143 F.3d 47, 53 (2d Cir.1998). Discharged employees have a duty to "use reasonable diligence in finding other suitable employment," *Ford Motor Co. v. E.E.O.C.,* 458 U.S. 219, 231, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982)—the duty is "not onerous." *Dailey v. Societe Generale,* 108 F.3d 451, 456 (2d Cir.1997). The ultimate question "is whether the plaintiff acted reasonably in attempting to gain other employment or in rejecting proffered employment." *Hawkins v. 1115 Legal Service Care,* 163 F.3d 684, 695 (2d Cir.1998) (internal quotations and citations omitted). Suitable employment means a job that is "substantially equivalent" to plaintiff's former job. *Ford Motor Co.,* 458 U.S. at 232, 102 S.Ct. 3057. While a plaintiff must demonstrate reasonable diligence in seeking suitable employment, "[t]he employer has the ultimate burden of proving that the discriminatee failed to mitigate damages." *N.L.R.B. v. Thalbo Corp.,* 171 F.3d 102, 112 (2d Cir.1999); *see also Clarke v. Frank,* 960 F.2d 1146, 1152 (2d Cir.1992) ("The employer bears the burden of proving that suitable work existed, and that the employee did not make reasonable efforts to obtain it.").

Initially, we note that the district court properly instructed the jury. It clearly

explained plaintiff's "duty to mitigate damages by using reasonable care and diligence in seeking suitable alternative employment"; the defendant's burden "to show that the damages suffered by plaintiff could reasonably have been avoided"; and appropriate factors the jury could consider as to whether the jobs she sought were "substantially equivalent to the one that was lost." [A 460].

There was ample evidence to support the jury's mitigation determination. The district court correctly determined that plaintiff had actively sought employment and the only positions she had been able to secure were at" significantly lower wages or at very different shifts." [SPA 7]. The district court further found that defendant failed to meet its burden of proving that the plaintiff had failed to make an adequate attempt to mitigate because it offered no evidence as to the availability of comparable jobs.

Plaintiff testified that she actively sought employment of all types, but because of her childcare needs, preferred a position that was either in the second shift or paid a high enough rate to allow her to afford childcare; nonetheless, plaintiff actively sought positions at all rates of pay and different time-shifts. Three positions which she was offered, but reasonably rejected, were at significantly lower wages than her $10.40 hourly rate of pay while working for the defendant; moreover, one was only a part-time position, and all were first-shift positions. *See Ford Motor Co.,* 458 U.S. at 232, 102 S.Ct. 3057 ("the unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position").

III. Front Pay

Front pay is an equitable remedy determined by the district court and is reviewed for abuse of discretion. *See Saulpaugh v.*

*Monroe Community Hosp.,* 4 F.3d 134, 145 (2d. Cir.1993). Having determined that plaintiff did not fail to mitigate her damages, the district court did not abuse its discretion in awarding front pay.

IV. Representation at State Administrative Proceeding

Defendant obviously does not take issue with the district court informing the jury of the New York State Division of Human Rights' finding of no probable cause in a related proceeding; it contends that the plaintiff misled the court and jury to believe that she was not represented by counsel during that proceeding. The record does not provide clear support for that contention; in any event, it would at best be harmless error.