**Demetrios FRUDAKIS, Plaintiff–Appellant,**

v.

**SUFFOLK COUNTY DEPARTMENT OF PUBLIC WORKS, Design and Construction, Defendant–Appellee.**

**Docket No. 03–7936.**

United States Court of Appeals, Second Circuit.

Sept. 15, 2005.

Demetrios Frudakis, Rocky Point, NY, for Appellant, pro se.

Chris P. Termini, Assistant County Attorney, (Adriana L. Lopez, Assistant County Attorney, Christine Malafi, Suffolk County Attorney, on the brief) Suffolk County Attorney's Office, Hauppauge, NY, for Appellee, of counsel.

PRESENT: CARDAMONE, CABRANES, and POOLER, Circuit Judges.

### SUMMARY ORDER

Plaintiff appeals from respective orders of the District Court that dismissed one of

plaintiff's claims on May 9, 2001; granted summary judgment to defendant on another of plaintiff's claims on December 17, 2002; and denied plaintiff's motion for a new trial on August 18, 2003.

Plaintiff, a former employee of defendant who suffers from panic attacks, fear of enclosed places and an injured left shoulder, brought this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* and the New York Human Rights Law, N.Y. Exec. L. § 290 *et seq.,* for failure reasonably to accommodate plaintiff's disability and for retaliation. On motion of defendant, the District Court dismissed plaintiff's claim for failure reasonably to accommodate plaintiff's disability insofar as it was brought pursuant to the Americans with Disabilities Act on the grounds that plaintiff had not adequately alleged that he was disabled within the contemplation of 42 U.S.C. § 12102(2), which defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." On a subsequent motion of defendant, the District Court granted partial summary judgment to defendant with respect to plaintiff's claim for failure reasonably to accommodate plaintiff's disability insofar as it was brought pursuant to the New York Human Rights Law, because defendant had provided plaintiff the requested reasonable accommodation by excusing him from performing duties in the print room where he suffered panic attacks.

We review *de novo* the District Court's granting in part of defendant's motions to dismiss and for summary judgment. *See Tindall v. Poultney High Sch. Dist.,* 414 F.3d 281, 283 (2d Cir.2005). We affirm the District Court's orders substantially for the reasons set forth by the District Court in its opinions.

Plaintiff also argues on appeal that he should have been granted a new trial on his retaliation claims. Specifically, plaintiff contends that the District Court erred by giving a misleading answer to a question of the jury, making unspecified improper rulings and preparing the verdict sheet itself. Plaintiff, who had the benefit of counsel at trial, has not pointed to a contemporaneous objection lodged to any of these putative errors. In any event, upon review of plaintiff's contentions, we conclude that they all lack merit. Accordingly, the District Court did not abuse its discretion in denying plaintiff's motion for a new trial. *See Atkins v. New York City,* 143 F.3d 100, 102 (2d Cir.1998) (adopting an abuse of discretion standard of review for denial of a motion for a new trial).

We have considered all of plaintiff's claims on appeal and we hereby AFFIRM the judgment of the District Court.