09-4954-cv
Ladenburg Thalmann & Co., Inc. v. Modern Continental Construction Holding Company, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand and ten.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
LADENBURG THALMANN & CO., INC.,

> *Plaintiff-Appellee*,

> -v.-                                                                No. 09-4954-cv

MODERN CONTINENTAL CONSTRUCTION HOLDING
COMPANY, INC.,

> *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLEE:**          DAVID M. OLASOV (Rachel L Hollander, *on the brief*),

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

1

Olasov & Hollander, LLP, New York, NY.

**FOR DEFENDANT-APPELLANT:** ERIC F. EISENBERG (Jennifer V. Doran, *on the brief*), Hinkley, Allen & Snyder, LLP, Boston, MA.

Appeal from a January 20, 2010, judgment of the United States District Court for the Southern District of New York (Samuel Conti, *Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-Appellee Ladenburg Thalmann & Co., Inc., brought this action against defendant-appellant Modern Continental Construction Holding Company, Inc. for breach of contract arising from an agreement under which Ladenburg was retained by Modern to provide financial advice and pursue financing opportunities. Ladenburg alleges a credit and security facility provided to Modern by St. Paul Fire and Marine Insurance Company, Inc. entitles Ladenburg to compensation under its agreement with Modern. After a two-day trial and jury verdict in favor of Ladenburg, on January 20, 2010, the District Court denied Modern's motion for judgment as a matter of law under Fed. R. Civ. P. 50 or for a new trial under Fed. R. Civ. P. 59. Modern filed a timely appeal. We assume parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, Modern argues that the District Court erred in (1) denying Modern's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 due to the District Court's mischaracterization of St. Paul's provision of funding to Modern as a "loan" included in the definition of "transaction" under Modern's agreement with Ladenburg and insufficient evidence establishing that Modern contacted St. Paul during the term of its agreement with Ladenburg for the purpose of obtaining funding or a loan; (2) permitting Ladenburg to take depositions of two witnesses before trial but after discovery concluded and denying its motion *in limine* to exclude evidence of Modern's efforts to complete a transaction with Ableco—another potential source of funding—prior to terminating its agreement with Ladenburg; and (3) denying its motion for a new trial pursuant to Fed R. Civ. P. 59 due to the District Court's refusal to give jury instructions requested by Modern or use a proposed verdict form submitted by the parties.

---

[1] This case commenced before Judge Deborah A. Batts, of the United States District Court for the Southern District of New York, but was reassigned on October 2, 2009 to Judge Samuel Conti, of the United States District Court for the Northern District of California, sitting by designation in the United States District Court for the Southern District of New York.

***Judgment as a Matter of Law***

We review the denial of a motion for judgment as a matter of law *de novo*, and will grant the motion only if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-movant] on that issue." Fed. R. Civ. P. 50(a)(1); *see also Cameron v. City of New York*, 598 F.3d 50, 59-60 (2d Cir. 2010). A court should grant a motion for judgment as a matter of law after the jury has returned a verdict only when there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or ... such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [it]." *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992) (citations omitted).

Here, having conducted an independent review of the record on appeal, we conclude, for substantially the reasons stated by the District Court in its well-reasoned order of March 23, 2009, *Ladenburg Thalmann & Co., Inc. v. Modern Continental Construction Company, Inc.*, No. 04-Civ-974, 2009 WL 855654, at *4-5 (S.D.N.Y. March 23, 2009), that the provision of funding by St. Paul to Modern constituted a "loan" within the definition of a "transaction" under the Agreement between Modern and Ladenburg. Specifically, the funding arrangement that Modern pursued with St. Paul—a term and revolving credit facility—was precisely the arrangement which Ladenburg had pursued on Modern's behalf with other potential lenders. *Id.* Accordingly, we agree with the District Court that "[i]t is not reasonable to interpret the definition of 'Transaction' under the Agreement to exclude loans deals, given that the parties engaged in the negotiation of two such deals under the Agreement." *Id.*

Moreover, we also conclude, for substantially the reasons stated by the District Court in its comprehensive order of January 20, 2010, *Ladenburg Thalmann & Co., Inc. v. Modern Continental Construction Company, Inc.*, No. 04-Civ-974 (S.D.N.Y. Jan. 20, 2010), that the District Court did not err in deferring to the jury's conclusion that Modern contacted St. Paul during the term of its Agreement with Ladenburg for the purpose of obtaining funding. Both the testimony at trial and the text of the draft credit facility prepared by St. Paul suggest that—as the prospects of alternative funding sources diminished—Modern contacted St. Paul in search of funding. *Id.* at *5-6. Though both Modern and St. Paul executives testified to the fact that Modern did not formally ask St. Paul for a loan, the jury's decision not to credit such testimony does not render it's verdict the product of " sheer surmise and conjecture." *Song*, 957 F.2d at 1046.

***De Bene Esse Depositions and the Ableco Exhibition***

We review a district court's evidentiary rulings for "abuse of discretion," and will reverse only for manifest error. *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003). "A district court

has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (citation, alteration, and internal quotation marks omitted). The District Court reasonably allowed depositions to be taken to establish the admissibility of documents that Modern refused to stipulate were admissible, although there appeared to be no reasonable basis to contest their admissibility. Furthermore, having leaned heavily on the depositions at trial in furtherance of its case, Modern cannot now claim that the decision to admit those depositions lay outside "the range of permissible decisions." We afford "wide latitude" to the District Court both in determining whether evidence is admissible, *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir. 2001), and in controlling "the mode and order" of its presentation to promote the effective ascertainment of the truth, Fed. R. Evid. 611(a). We therefore cannot conclude that the District Court abused its discretion in permitting Ladenburg to depose John Pastore and Martha Gaines.

Similarly, Modern's contention that the District Court abused its discretion by admitting evidence of its aborted financing discussions with Ableco is without merit. We cannot say that it was a "clearly erroneous assessment of the evidence" to conclude that the jury was entitled to know that Ableco and Modern were in discussions regarding potential funding arrangements when Modern simultaneously terminated its agreement with Ladenburg and announced a deal with St. Paul—particularly because the structure of the financing with St. Paul mirrored the putative arrangement under discussion with Ableco. The District Court, therefore, did not err, much less abuse its discretion, in permitting Ladenburg to introduce evidence of Modern's discussions with Ableco at trial.

### Motion for a New Trial

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998) (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997)). Unlike a motion for judgment as a matter of law, a motion for a new trial may be granted even if there is substantial evidence to support the jury's verdict. *Caruolo v. John Crane, Inc.*, 226 F.3d 46, 54 (2d Cir. 2000). In reviewing the District Court's denial of Modern's Rule 59 motion, "we view the evidence in the light most favorable to the nonmoving party and will reverse only if the trial court's denial of the new trial motion constitutes an abuse of discretion." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotation marks omitted).

Here, we agree with the District Court that Modern's proposed jury instructions—which the District Court rejected or modified—were more likely to create confusion than to avoid it.

4

*Ladenburg Thalmann & Co., Inc. v. Modern Continental Construction Company, Inc.*, No. 04-Civ-974, at \*7 (S.D.N.Y. Jan. 20, 2010).  The only question of fact for the jury to decide was whether Modern contacted St. Paul in order to secure funding while its agreement with Ladenburg was in effect.  It was not an abuse of discretion, therefore, for the District Court to present the jury with instructions and a verdict form that simply and succinctly addressed that question.  Moreover, after an independent review of the evidence, we conclude that Modern cannot demonstrate that the jury's verdict is either "seriously erroneous" or a "miscarriage of justice"—this trial turned on the credibility of Modern's witnesses, and we defer "to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence." *United States v. Torres*, 604 F.3d 58, 66 (2d Cir. 2010).

## CONCLUSION

We have considered each of Modern's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

5