09-3559-cv (L)
UNI-RTY GOLDEN PLAZA LIMITED PARTNERSHIP v. GUANGDONG BUILDING, INC., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of July, two thousand fourteen.

Present:      AMALYA L. KEARSE,
              ROSEMARY S. POOLER,
              REENA RAGGI,
                    *Circuit Judges.*

_____

UNI-RTY CORP. AND GOLDEN PLAZA LIMITED PARTNERSHIP,

                    *Plaintiffs-Counterclaim-Defendants-Appellants-Cross-Appellees*,

          -v-                                    09-3559-cv (L)
                                                 12-2516-cv (XAP)
                                                 12-2536-cv (XAP)
                                                 13-401-cv (CON)

GUANGDONG BUILDING, INC., JOSEPH CHU,
NEW YORK GUANGDONG FINANCE, INC.,

                    *Defendants-Counterclaimants-Appellees-Cross-Appellants*,

ALEXANDER CHU,

                    *Defendant-Appellee-Cross-Appellant*,

AND EASTBANK, N.A.,

                    *Defendant-Appellee*.[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the caption as above.

| | |
|---|---|
| Appearing for Appellants: | Gregory G. Garre, Latham & Watkins LLP, Washington D.C. (Katherine I. Twomey, Latham & Watkins LLP, Washington D.C.; Paul Batista, New York, N.Y.; Tucker H. Byrd, Morgan & Morgan, P.A., Orlando, FL., *on the brief*). |
| Appearing for Appellees: | William J. Schwartz (Laura Grossfield Birger, Jonathan C. Cross, Michael Blasie, *on the brief*), Cooley LLP, New York, N.Y., *for Guangdong Building, Inc., Joseph Chu, Alexander Chu, and Eastbank, N.A.* |
| | John C. Ohman (Debra Kobrin Levy, *on the brief*), Vandenberg & Feliu, LLP, New York, N.Y., *for New York Guangdong Finance, Inc.* |

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-counterclaim-defendants-appellants-cross-appellees Uni-Rty Corp. and Golden Plaza Limited Partnership ("GPLP") (collectively, "plaintiffs") appeal from the January 16, 2013 amended judgment of the United States District Court for the Southern District of New York following a December 5, 2006 Memorandum Opinion and Order (Sprizzo, *J.*) granting summary judgment on their claims brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), and a January 11, 2013 Memorandum Decision and Order (Daniels, *J.*) granting defendant Joseph Chu[**] prejudgment interest on the damages awarded for Chu's counterclaim.

Defendants-counterclaimants-appellees-cross-appellants Guangdong Building, Inc. ("GBI"), Joseph Chu, and New York Guangdong Finance, Inc. ("NYGF"), and defendant-appellee-cross-appellant Alexander Chu (collectively, "defendants") appeal from the May 25, 2012 judgment and associated Memorandum Decision and Order of the United States District Court for the Southern District of New York (Daniels, *J.*), denying their post-trial motions brought pursuant to Federal Rules of Civil Procedure 50(b) and 59 and refusing to set aside the jury verdict on plaintiffs' breach of contract and fraudulent inducement claims and the breach of contract counterclaims of Joseph Chu and GBI. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

---

[**] Joseph Chu passed away on April 6, 2004, while the case was pending before the district court. (*See* Dist. Ct. Dckt. No. 116.)

## I. Summary Judgment

We review a district court's grant of summary judgment de novo. *See Town of Southold v. Town of E. Hampton*, 477 F.3d 38, 46 (2d Cir. 2007). RICO provides a private cause of action for "'[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.'" *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 6 (2010) (quoting 18 U.S.C. § 1964(c)). In a civil RICO case, the Supreme Court requires a "direct relation between the injury asserted and the injurious conduct alleged." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006) (internal quotation marks omitted).

For an injury to have resulted "by reason of" the defendant's action, the plaintiff must show "that the defendant's violations were a proximate cause of the plaintiff's injury, i.e., that there was a direct relationship between the plaintiff's injury and the defendant's injurious conduct." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994) (internal quotation marks omitted). Here, the harm—damage to plaintiffs' business and property in the form of the loss of the property at issue and the business venture opportunities it represented—does not share the requisite direct relationship with defendants' conduct. This is because it is undisputed that plaintiffs did not have the funds to cover their mortgage payments or taxes in 1993, nor to repurchase the property. "[W]hen factors other than the defendant's fraud are an intervening direct cause of a plaintiff's injury, that same injury cannot be said to have occurred by reason of the defendant's actions." *Id.* Based on the record adduced at the 2004 trial and on the parties' 2006 summary judgment motions, we conclude that the district court properly granted summary judgment on plaintiffs' RICO claims.

## II. Post-Trial Motions

When "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue," judgment as a matter of law is appropriate "against the party on a claim or defense that, under controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a); *see also Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001). We review de novo a district court's denial of a motion for judgment as a matter of law. *See Izzarelli v. R.J. Reynolds Tobacco Co.*, 731 F.3d 164, 167 (2d Cir. 2013). We review a trial judge's decision to grant or deny a motion for a new trial for abuse of discretion. *See Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998).

As an initial matter, we conclude that defendants did not make a sufficient motion pursuant to Fed. R. Civ. P. 50(a) to preserve their arguments that there was insufficient evidence as to *causation* to support the jury's verdict finding liability on plaintiffs' breach of contract and fraudulent inducement claims. Rule 50(a) provides that "[t]he motion *must specify* the judgment sought and *the law and facts that entitle the movant to the judgment*," Fed. R. Civ. P. 50(a)(2) (emphasis added). Defendants' Rule 50(a) colloquy was largely based on their argument that there was insufficient evidence of plaintiffs' reliance on any alleged misrepresentations by defendants (*see* Tr. 1169-73), with only peripheral references to but-for causation (*see* Tr. at 1170-72). A Rule 50(a) motion requesting judgment as a matter of law on one ground but

3

omitting another is insufficient to preserve a JMOL argument based on the latter. *See, e.g.*, *Holmes v. United States*, 85 F.3d 956, 961-63 (2d Cir. 1996); *see also Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998). Defendants' present JMOL contentions that the fraudulent-inducement and breach-of-contract claims should have been dismissed because of plaintiffs' economic straits were neither raised nor properly preserved by defendants' arguments. We therefore affirm the district court's denial of defendants' Rule 50 and 59 motions with respect to the liability findings.

We also affirm the district court's decision to uphold the damages awarded by the jury, both on plaintiffs' claims and defendants' counterclaims. "[W]hen reviewing the sufficiency of the damages evidence, we are guided by the principle that if a plaintiff has shown it more likely than not that it has suffered damages, the amount of damages need only be proved with reasonable certainty." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 496 (2d Cir. 1995); *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998) ("It has long been recognized that 'by the law the jury are judges of the damages.'" (quoting *Lord Townshend v. Hughes*, 86 Eng. Rep. 994, 994-95 (C.P. 1677))). Specifically considering the damages awarded on plaintiffs' breach of contract claim, an amount hotly contested by NYGF, we conclude that given the range of values that the jury heard at trial, it was entirely reasonable for the jury to have concluded, even with the loans on the property, that $8.25 million placed plaintiffs in the same economic position as they would have been absent NYGF's breach of the Joint Venture Agreement. Thus, even if the district court's stated justification ("[t]he Property's original purchase price") is not technically the correct statement of the law vis-a-vis breach of contract damages, there is ample support in the record for the jury's award.

As to the award of $1 million to Joseph Chu ("Chu"), and the jury's finding that GBI was not damaged as a result of plaintiffs' breach, the evidence at trial supported the district court's refusal to set aside the jury verdict. The jury could have reasonably concluded that the $1 million award to Chu was what was needed to "make [him] whole" and to "place [him] in as good a position as [he] would have been in if the breaching party had fully performed its obligations" (Tr. 1317); Chu did not request a more specific instruction, nor does he complain on appeal that a more specific instruction was not given. The jury could have reasonably concluded that GBI was not injured in light of its receipt of the fully renovated building upon plaintiffs' eviction. As such, we conclude that the district court's denial of defendants' Rule 50 and 59 motions was not an abuse of discretion.

## III. Prejudgment Interest

Finally, we find no abuse of discretion in the district court's conclusion that, because New York law requires prejudgment interest for breach of contract damages, both plaintiffs and Chu were entitled to such interest pursuant to N.Y.C.P.L.R. § 5001(a). Plaintiffs' challenge to the district court's decision to award prejudgment interest under Rule 60(b)(6) of the Federal Rules of Civil Procedure lacks merit, as "[Rule 60(b)](6) confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (second alteration in original) (internal quotation marks omitted).

4

While Chu's motion may have been tardy, we agree with the district court's reasoning in its January 11, 2013 Memorandum Decision and Order awarding prejudgment interest that "Defendants' request was filed a mere 50 days after the entry of judgment in a litigation that had started almost 17 years earlier. Plaintiffs did not argue that they were at all prejudiced because Chu requested interest 24 days after they did."  This slight tardiness of Chu's motion, filed twenty four days after plaintiffs' own motion, did not prejudice plaintiffs.  We therefore affirm the district court's decision to award Chu prejudgment interest under Rule 60(b).

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk