15-1243-cv
*Zaratzian v. Abadir, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand seventeen.

Present:
> AMALYA L. KEARSE,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

---

ANNABELLE ZARATZIAN,

> *Plaintiff-Appellant,*

> v.                                                                 15-1243-cv

ADEL RAMSEY ABADIR, LARRY M. CARLIN,

> *Defendants-Appellees.*

---

| | |
|---|---|
| For Appellant: | HAROLD R. BURKE, Greenwich, Connecticut. |
| For Appellees: | NATHANIEL Z. MARMUR, New York, New York; LARRY M. CARLIN, *pro se*, New York, New York. |

---

Appeal from judgments of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments are **AFFIRMED**.

Following a jury trial, Plaintiff-Appellant Annabelle Zaratzian appeals from a final judgment entered in favor of Defendant-Appellee Adel Ramsey Abadir and from a grant of summary judgment in favor of Defendant-Appellee Larry M. Carlin. Specifically, Zaratzian challenges (1) the adequacy of the district court's jury instructions; (2) the adequacy of the verdict form; (3) the denial of her motion for a new trial; (4) the denial of her motion for a post-trial permanent injunction; and (5) the grant of summary judgment to Carlin. We assume the parties' familiarity with the underlying facts, the procedural history, the district court's rulings, and the arguments presented on appeal.

## I.     Jury Instructions

Zaratzian did not object to the jury instructions at trial; we thus review the omission of her desired instruction for fundamental error. *De Falco v. Bernas*, 244 F.3d 286, 317 (2d Cir. 2001). Fundamental error is "an error so serious and flagrant that it goes to the very integrity of the trial, and the instruction must have deprived the jury of adequate legal guidance to reach a rational decision." *Id.* (internal quotation marks and citations omitted).

We discern no fundamental error in the jury instructions as they were given. The district court instructed the jury on Abadir's affirmative consent defense, stated

that the burden was on Abadir to prove Zaratzian's consent by a preponderance of the evidence, and made clear that the scope of any consent was for the jury to decide. The jury heard testimony and argument about the Marital Separation Agreement. Given the district court's thorough explanation of the consent defense and the argument relating to the Marital Separation Agreement, the jury had adequate guidance. There was no fundamental error.

## II. Verdict Form

Zaratzian failed to object to the verdict form at trial, and we review its formulation for fundamental error as well. *See Simms v. Village of Albion*, 115 F.3d 1098, 1109 (2d Cir. 1997); *Lore v. City of Syracuse*, 670 F.3d 127, 160 (2d Cir. 2012) ("A party that fails to object at trial to the substance or ambiguity of special verdict questions to be put to the jury waives its right to a new trial on that ground and has no right to object to such matters on appeal . . . unless the error is fundamental." (internal citations omitted)). As with the jury instructions, we conclude that there was no fundamental error with respect to the verdict form.

The verdict question, when read in conjunction with the thorough, accurate jury instructions, implicitly required the jury "to determine both whether plaintiff had carried her burden and whether defendant had carried his." *Zaratzian v. Abadir*, No. 10-cv-9049, 2015 WL 5474246, at *2 (S.D.N.Y. July 8, 2015). The word "unlawfully" encompasses both the question whether Zaratzian successfully proved a violation of the Wiretap Act and whether Abadir successfully proved an affirmative defense. Zaratzian did not clearly ask the court to pose to the jury the

specific question of whether Abadir had proven the affirmative defense. Thus, we see no fundamental error.

### III.    Motion for a New Trial

We review the denial of a motion for a new trial under Federal Rule of Civil Procedure 59 for abuse of discretion. *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003). Generally, new trials "should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998) (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997)).

The district court, in denying the motion for a new trial, concluded that Abadir presented sufficient evidence to support the consent defense. "[D]efendant testified plaintiff consented to the auto-forwarding after he confronted her about her failure to forward him emails about (or otherwise inform him of) scheduling with respect to their children's sporting activities. If the jury credited this testimony, and found the consent broad enough to cover all alleged violations of the Wiretap Act, then the jury would have found no liability—as it did." *Zaratzian*, 2015 WL 5474246, at *3. The district court did not exceed the bounds of its discretion in reaching that conclusion.

Zaratzian's challenge to the district court's decision on this motion omits some critical facts. After Zaratzian and Abadir separated in September 2005, she assumed responsibility for the master Cablevision account. The auto-forwarding feature remained enabled and, critically, because Abadir was no longer the "master"

account holder, he could not disable it. The jury could have rationally concluded that by maintaining control of the Cablevision account and leaving the auto-forwarding intact, Zaratzian consented to the interception of her emails—even after the Marital Separation Agreement was executed—until she had Abadir's account deleted on June 4, 2009.

Because there was sufficient evidence for the jury to reach the conclusion that it did, the district court did not err in denying Zaratzian's motion for a new trial.

## IV.    Post-Trial Permanent Injunction

We review for abuse of discretion the district court's determinations with respect to fashioning equitable relief. *United States v. Apple, Inc.*, 791 F.3d 290, 313 (2d Cir. 2015). We agree with the district court's conclusions that the jury made a factual determination that there was no Wiretap Act violation and that Zaratzian is not entitled to a permanent injunction on that basis. When two claims asserted by the same plaintiff are tried together and one is to be decided by the jury and the other by the judge, principles of collateral estoppel prevent the judge from making findings of fact contrary to those of the jury. *See, e.g.*, *Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470–73 (1962); *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 431–32 (2d Cir. 1995), *cert. denied*, 518 U.S. 1017 (1996).

Zaratzian's challenge pursuant to Federal Rule of Civil Procedure 52 is misplaced because Rule 52 applies only to actions "tried on the facts *without* a jury or with an *advisory jury*." Fed. R. Civ. P. 52(a) (emphasis added).

## V.      Summary Judgment for Carlin

Zaratzian also conditionally argues that the district court's grant of summary judgment in favor of Carlin "should be reversed if Zaratzian's other claims are remanded for further proceedings." Appellant's Br. at 51. As we have rejected the challenges to the dismissal of her other claims, her appeal with respect to Carlin is moot.

We have considered Zaratzian's remaining arguments and find them to be without merit.

Accordingly, the judgments are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk