*Feliciano v. Thomann*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand nineteen.

PRESENT:     JOSÉ A. CABRANES,
                        ROSEMARY S. POOLER,
                        CHRISTOPHER F. DRONEY,
                                    *Circuit Judges.*

---

ELISA FELICIANO, HECTOR FELICIANO.,

                        *Plaintiffs-Appellants,*                                    17-3124

                        v.

KEVIN THOMANN, SHIELD NO. 5937,

                        *Defendant-Appellee.*[*]

---

**FOR PLAINTIFFS-APPELLANTS:**                        K. C. OKOLI, New York, NY.

---

[*] The Clerk of Court is directed to amend the caption as set out above.

1

**FOR DEFENDANT-APPELLEE:**                    ARLENE S. ZWILLING, Assistant County
                                             Attorney, *for* Dennis M. Brown, Suffolk
                                             County Attorney, Hauppauge, NY.

Appeal from the August 30, 2017 judgment and related orders of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Elisa Feliciano and Hector Feliciano ("Appellants") sued several Suffolk County police officers under 42 U.S.C. § 1983 alleging the use of excessive force. During a jury trial, after the close of evidence, the District Court granted defendants' motion for judgment as a matter of law with respect to Elisa Feliciano's claims.[1] The jury returned a verdict rejecting Hector Feliciano's claims against defendants Daniel Fandrey and Francis Gigante, but finding Defendant-Appellee Kevin Thomann liable and awarded nominal damages of $1. Hector Feliciano moved for a new trial with respect to damages, and Elisa Feliciano moved for reconsideration of the District Court's grant of judgment as a matter of law.[2] Both motions were denied. Hector Feliciano then moved for attorney's fees, which the District Court denied as well. This appeal followed.

Appellants advance various arguments seeking to overturn the jury award and orders of the District Court. First, Appellants argue that the District Court based its dismissal of Elisa Feliciano's claims on impermissible credibility determinations.[3] Second, they argue that the jury's finding that Thomann used excessive force is inconsistent with the nominal damages awarded, and that the

---

[1] In both Appellants' Brief and their Reply Brief, Appellants state that the District Court dismissed Elisa Feliciano's claims "sua sponte" and with "no explanation." Br. Appellant 6; R. Br. Appellant at 1. For his part, Appellee denies that the District Court commented disparagingly on Elisa Feliciano's credibility. Br. Appellee 10. Both claims are incorrect. As recorded in the trial transcript, the District Court granted defendants' motion "to dismiss on the failure to prove any injuries whatsoever and not only that[,] on the misstatements and lies committed by the witness." App'x 258.

[2] Although Elisa Feliciano's motion was styled a "motion for a new trial," the motion essentially requested that the District Court reconsider its grant of judgment as a matter of law. Dist. Ct. Dckt. No. 63.

[3] On its face, Appellants' brief appears to argue that Elisa Feliciano's claims against *all* defendants below should be reinstated. In his October 30, 2017 letter to the Clerk of the Court, however, counsel for Appellants confirms "that the only Appellee in this appeal is Police Officer Kevin Thomann." CoA Dckt. No. 12.

District Court should therefore have ordered a new trial. Third, Appellants argue that Hector Feliciano should have been awarded attorney's fees because he was a "prevailing party." We reject each of these arguments.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We review *de novo* the District Court's decision to grant judgment as a matter of law on Elisa Feliciano's claims.[4] *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016). We review the District Court's denials of the motions for a new trial and for attorney's fees for abuse of discretion. *Dailey v. Societe Generale*, 108 F.3d 451, 458 (2d Cir. 1997); *see also N.A.A.C.P. v. Town of E. Haven*, 259 F.3d 113, 117 (2d Cir. 2001).

"Judgment as a matter of law is appropriate only if the court can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have been compelled to accept the view of the moving party." *Pataki*, 823 F.3d at 139 (internal quotations and alterations omitted). Appellants argue that the District Court "made a credibility assessment against Mrs. Feliciano," which resulted in an improper dismissal of her claims. Br. Appellants at 15.

"[W]e are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990). We therefore need not address whether the District Court made an improper credibility assessment. Indeed, in the instant case, the District Court provided an alternative basis for granting judgment as a matter of law, namely Elisa Feliciano's failure to present evidence of anything more than a *de minimis* injury. As the District Court explained during the trial, "[m]otion granted to dismiss on the failure to prove any injuries whatsoever." App'x 258. The District Court then reiterated this rationale in a later order, "[t]he motion by plaintiff Eliza [sic] Feliciano challenging the Court[']s grant of judgment as a matter of law dismissing her claim is denied, as the claim was properly dismissed given the de minimis physical contact/use of force against her." Order Denying Motion for New Trial, August 24, 2017.

---

[4] Although Appellants' briefs appear to frame their appeal as an appeal from the District Court's "denial of new trial," Br. Appellants at 12, 15, their Notice of Civil Appeal announced an intention to appeal the District Court's "dismissal of Elisa Feliciano's case," CoA Dckt. No. 1. Generally, denials of motions for new trial are reviewed only for abuse of discretion, *Dailey v. Societe Generale*, 108 F.3d 451, 458 (2d Cir. 1997). In light of the language in the Notice of the Civil Appeal, we treat the present appeal as an appeal from the grant of judgment as a matter of law, reviewing *de novo*. *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016).

A plaintiff alleging excessive force during the arrest of a third party makes his or her claim under the Due Process Clause of the Fourteenth Amendment. *Tierney v. Davidson*, 133 F.3d 189, 199 (2d Cir. 1998). To determine an excessive force violation under the Due Process Clause, a court considers four factors:

> [1] the need for the application of force, [2] the relationship between the need and the amount of force that was used, [3] the extent of injury inflicted, and [4] whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Id.* Relatedly, plaintiffs in such cases must also allege that the officers used more than *de minimis* force. *See United States v. Walsh*, 194 F.3d 37, 47–48 (2d Cir. 1999) ("[A] claim of excessive force may be established even if the victim does not suffer serious or significant injury, provided that the amount of force used is more than *de minimis*") (internal citation and quotation marks omitted). The record demonstrates that Elisa Feliciano's claim was insufficient under these standards. In fact, Elisa Feliciano conceded the absence of any injury, App'x 222, and that she had physically engaged the officers attempting to arrest her son, App'x 226-27.

Next, we consider the District Court's denial of Hector Feliciano's request for a new trial with respect to damages. "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998). In support of his claim that a new trial was warranted, Appellant simply recites his factual allegations and points to other cases where we or the Supreme Court have upheld substantive monetary awards. That we have affirmed such jury awards in different factual contexts, however, provides no basis for reversing a jury award here.

Moreover, we have held explicitly that a "finding of excessive force does not [ ] entitle the victim to compensatory damages as a matter of law," and that nominal damages are appropriate "in the absence of proof of actual injury." *Id.* at 103. Here, Hector Feliciano admitted under oath that the police's use of force had no lasting physical effects or impact on his subsequent capacities. App'x 162. The jury award was therefore neither "seriously erroneous" nor a "miscarriage of justice," and so the District Court's denial of a new trial was not an abuse of discretion.

As to Hector Feliciano's request for a new trial with respect to punitive damages, contrary to Appellants' contention, punitive damages "are never awarded as of right, no matter how egregious the defendant's conduct." *Smith v. Wade*, 461 U.S. 30, 52 (1983). Rather, "[a] jury may 'assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *DiSorbo v. Hoy*, 343 F.3d 172, 186 (2d Cir. 2003) (quoting *Wade,* 461 U.S. at 56). Moreover, "failure to award such relief will not be lightly overturned." *Stolberg v. Members of Bd. of*

4

*Trustees for State Colleges of State of Conn.*, 474 F.2d 485, 489 (2d Cir. 1973). The record provides no basis to conclude that the jury's denial of punitive damages was seriously erroneous or a miscarriage of justice.

Finally, we reject Hector Feliciano's appeal from the denial of attorney's fees. While Appellants are correct that Hector Feliciano is a "prevailing party," both Supreme Court and Second Circuit precedent establish that "attorney's fees and costs are usually not appropriate when a plaintiff recovers only nominal damages." *Pino v. Locascio*, 101 F.3d 235, 239 (2d Cir. 1996) (citing *Farrar v. Hobby*, 506 U.S. 103 (1992)). Appellants have offered no argument for why this case is unusual. The District Court therefore did not abuse its discretion in holding that the usual rule should apply.

**CONCLUSION**

We have reviewed all of the arguments raised by Hector Feliciano and Elisa Feliciano on appeal and find them to be without merit. The August 30, 2017 judgment and related orders of the District Court are **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk