19-3342-cv
*Theodat v. City of New York, et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> MICHAEL H. PARK,
> *Circuit Judges*,

_____

JEFFREY THEODAT,

> *Plaintiff-Appellee*,

> v.                                                             19-3342-cv

CITY OF NEW YORK, NYPD OFFICER JOEL CROOMS, NYPD OFFICER CHRISTOPHER MCDONALD

> *Defendants-Appellants*,

JOHN DOE #1, JOHN DOE #2, NYPD OFFICER DALSH VEVE,

> *Defendants*.

_____

For Defendants-Appellants:          JAMISON DAVIES, (Deborah A. Brenner, Richard P. Dearing *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY

For Plaintiff-Appellee:     JOHN KNUDSEN, Law Offices of John Knudsen (Edward Sivin, Sivin & Miller LLP, *on the brief*), New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *S.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Officer Joel Crooms and Officer Christopher McDonald appeal from a September 26, 2019 final judgment of the United States District Court for the Eastern District of New York (Block, *S.J.*) entered after a jury trial, upholding the jury's verdict of liability on Theodat's false arrest, battery, and failure-to-intervene claims, denying the Defendants-Appellants' motions for a new trial and judgment as a matter of law, and remitting the jury's award of punitive damages from $357,500 to $20,000. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.     New Trial Motion**

On appeal, Officer Crooms challenges the district court's denial of his new-trial motion, arguing that the district court erred when instructing the jury on the elements of a false-arrest claim by failing to include an instruction stating that the arrest would have been justified if probable cause existed for any grounds for arrest. The district court instructed the jury that the arrest would have been justified by probable cause if, given the evidence available to Officer Crooms at the time, probable cause existed to suspect that Theodat had been smoking marijuana in public in violation of New York Penal Law § 221.10(1). Officer Crooms argues that, given the testimony at trial, the jury also could have believed that probable cause existed to arrest Theodat for possessing marijuana in violation of New York Penal Law § 221.05. Because we conclude that,

2

even if the district court erred in its instructions, any error was harmless, we affirm the district court's denial of Officer Crooms's new-trial motion.

**A. Legal Principles**

We review a district court's denial of a Rule 59 motion for a new trial for abuse of discretion, viewing the evidence "in the light most favorable to the nonmoving party." *Ali v. Kipp,* 891 F.3d 59, 64 (2d Cir. 2018) (quoting *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998)). Here, we review the district court's jury instructions *de novo*. *Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 176 (2d Cir. 2004). "An erroneous instruction requires a new trial unless the error is harmless." *Id*.; *see also US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43, 54 (2d Cir. 2019). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Lore v. City of Syracuse*, 670 F.3d 127, 156 (2d Cir. 2012) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)). And "[i]f the instructions, read as a whole, presented the issues to the jury in a fair and evenhanded manner, they do not warrant reversal." *Id.*

**B. Application**

Here we conclude that, even assuming *arguendo* that the district court erred by failing to give the requested instruction, any error on this front was harmless. In attempting to show prejudice, Officer Crooms argues that, based on the testimony at trial, the jury could have believed that Theodat possessed the marijuana without smoking it. We disagree.

The evidence Officer Crooms offered at trial on the question of Theodat's use or possession of marijuana was his own testimony that he saw Theodat smoking marijuana, he smelled marijuana, and he observed Theodat drop something on the ground. A marijuana cigarette that Officer Crooms purported to have recovered from the scene was also introduced at trial. The

3

evidence supporting probable cause for possession was thus essentially identical to the evidence supporting a claim of probable cause as to smoking marijuana in public. The district court therefore did not err in concluding that because the jury rejected this evidence in returning a verdict in favor of Theodat, any error in failing to instruct the jury on the possibility of probable cause to arrest for possession of marijuana was harmless. Accordingly, we affirm the district court's denial of Officer Crooms's motion for a new trial.

## II. Judgment as a Matter of Law

On appeal, Officer McDonald argues that the district court erred in denying his motion for judgment as a matter of law on Theodat's failure-to-intervene claim. Because there was sufficient evidence for a jury to conclude that Officer McDonald had both knowledge and the requisite opportunity to intervene, we affirm the district court's denial of Officer McDonald's motion for judgment as a matter of law.

### A. Legal Principles

"The standard for post-verdict judgment as a matter of law is the same as for summary judgment under [Federal Rule of Civil Procedure] 56." *Runner v. N.Y. Stock Exch., Inc.*, 568 F.3d 383, 386 (2d Cir. 2009) (internal quotation marks omitted). "A judgment notwithstanding the verdict may only be granted if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." *Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 112 (2d Cir. 2015) (internal quotation marks and alterations omitted). "[A] court may grant a motion for judgment as a matter of law only if it can conclude that, with credibility assessments made against the moving party and all inferences drawn against the moving party, a reasonable juror would have

been *compelled* to accept the view of the moving party." *Zellner v. Summerlin*, 494 F.3d 344, 370–71 (2d Cir. 2007) (emphasis in original, internal quotation marks omitted). In other words, we should uphold the jury's determination on liability unless "considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Terebesi v. Torreso*, 764 F.3d 217, 244 (2d Cir. 2014) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)).

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson*, 17 F.3d at 557. To succeed on a failure-to-intervene claim in connection with a false arrest, the plaintiff is required to show that (1) the officer had reason to know that a citizen was being unjustifiably arrested, and (2) the officer had a realistic opportunity to intervene to prevent the arrest from occurring. *See id.* "Whether an officer had sufficient time to intercede or was capable of preventing the harm being caused by another officer is an issue of fact for the jury unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Id*.

**B. Application**

Here there was sufficient evidence for a jury to believe that Officer McDonald failed to intervene. First, regardless of when the arrest was complete, the testimony is clear that Officer McDonald was present for the arrest and, crediting the evidence favoring the nonmoving party, that Officer McDonald also handled Theodat during the process of the arrest. Officer McDonald claimed at trial to have no memory of the arrest. But in addition to the evidence of Officer McDonald's presence at and involvement in the arrest process, Theodat testified that, immediately prior to Officer Crooms's handcuffing of Theodat, Officers Crooms and McDonald huddled together with other officers and had a conversation, during which Theodat overheard one officer

5

say "good to go." The testimony was thus clear that Officer McDonald had ample chance to intervene.

As to Officer McDonald's awareness of the falsity of the arrest, because he was present from the outset, because he was part of the group of officers who had a discussion immediately prior to handcuffing Theodat, and in light of the substantial evidence—including Theodat's testimony—supporting the jury's finding of false arrest, there was sufficient evidence for a jury to conclude that Officer McDonald knew that Officer Crooms's arrest was not based on probable cause and was therefore unconstitutional. The district court was thus correct to deny Officer McDonald's motion for judgment as a matter of law.

\* \* \*

We have considered Defendants-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6